**G. A. TAYLOR, d/b/a Regal Drapery & Carpet Service**

v.

**TITAN MIDWEST CONSTRUCTION CORP.**

Civ. A. No. CA 3–78–1293–G.

United States District Court,
N. D. Texas,
Dallas Division.

June 13, 1979.

Weil, Craig & Fischman, P. C. by Christopher M. Weil, J. Kathryn Lindauer, Dallas, Tex., for plaintiff.

John A. Martin, Wm. G. Milne, Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, Tex., for defendant.

## ORDER

PATRICK E. HIGGINBOTHAM, District Judge.

Plaintiff G. A. Taylor, a proprietorship based in Dallas, Texas, instituted this action against Titan Midwest Construction Corp. ("Titan"), a Delaware corporation with its principal place of business in St. Louis, Missouri, claiming actual and exemplary damages for breach of two subcontracts entered into by the parties in 1975. Jurisdiction is based on diversity of citizenship. The defendant seeks dismissal of the case for improper venue pursuant to F.R.C.P. 12(b) or, alternatively, transfer of the case to the Eastern District of Missouri, Eastern Division. The motion is based on section 37 of the subcontracts, which reads as follows:

> 37. (a) It is agreed by Contractor and Subcontractor that if any controversy or claim arises out of or relates to this Subcontract or any alleged breach thereof jurisdiction and venue *shall be* in the appropriate Court having subject matter jurisdiction over the matter sitting within the County in which the principal offices of Contractor are located on the date of the dispute, and Contractor and Subcontractor hereby irrevocably agree to submit to the jurisdiction of such court. (emphasis added)

The question presented is whether this contractual venue provision should be enforced by this court.

## I.

The threshold inquiry is whether federal law governs resolution of this dispute or whether the *Erie* doctrine requires that state law should control. While it is settled that venue in the federal courts is a matter governed by federal law, *Brown v. Pyle,* 310 F.2d 95 (5th Cir. 1962), the question involved here is not purely a matter of venue, as it also involves the enforceability of a contract provision. The courts are split on whether state or federal law provides the rule of decision with respect to the enforceability of contractual venue provisions. *Compare Davis v. Pro Basketball, Inc.,* 381 F.Supp. 1 (S.D.N.Y.1974) and *Leasewell, Ltd. v. Jake Shelton Ford, Inc.,* 423 F.Supp. 1011 (S.D.W.Va.1976) *with St. Paul Fire and Maine Ins. Co. v. Travelers Indemnity Co.,* 401 F.Supp. 927 (D.Mass.1975) and *Brown v. Gingiss Int'l, Inc.,* 360 F.Supp. 1042 (E.D.Wis.1973). *See also In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220, 234 n.24 (6th Cir. 1972). Other courts have declined to decide whether state or federal law governs the enforceability of contractual venue provisions in cases where under either view the result would have been the same. *See, e. g., Central Contracting Co. v. Maryland Casualty Co.,* 367 F.2d 341 (3rd Cir. 1966); *Cruise v. Castleton, Inc.,* 449 F.Supp. 564, 568 n.4 (S.D.N.Y. 1978). It is interesting to note, and perhaps significant, that in those cases where state law has been applied, the result under state law was substantially the same as it would have been under federal law.

This court is of the view that federal law should govern here. While resolution of the issue presented involves the construction and effect of a contractual provision, a matter ordinarily to be decided under state law, the overriding question is whether venue is proper in this court. The question whether venue is proper in a particular federal court is essentially a matter of procedure that is peculiarly within the province of the federal courts; and while the State of Texas has a strong interest in regulating the place where its citizens may sue or be sued in Texas state courts, the federal courts have an equally strong interest in regulating venue within the federal court system. *See Byrd v. Blue Ridge Electric Cooperative, Inc.,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958). Moreover, while the application of federal law as opposed to state law may be outcome-determinative insofar as the venue question is concerned,[1] it is certainly not determinative of the ultimate outcome of the lawsuit. Where suit will lie in the federal system is peculiarly the concern of the federal courts. There is nothing to require resort to state law to lay out the rules. There is a conspicuous reason not to do so. Resort to state law would balkanize venue rules when a uniform rule is patently preferable. Thus even if we were faced with two paths of logic to differing conclusions, this court would choose the federal and uniform result. In fact, there is only one logical path to one result. *See Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Thus this court will apply federal law to the question presented here.[2]

1. If this court were to apply state law, it would first apply the conflict of laws rules of Texas, which would in all likelihood result in the application of Texas law to the question of venue, since venue is considered by Texas law as a matter of procedure to be determined by the law of the forum. *See State of California v. Copus,* 158 Tex. 196, 309 S.W.2d 227 (1958), *cert. denied,* 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074. Under Texas law, the contractual venue provision would not be enforceable. *See Fidelity Union Life Ins. Co. v. Evans,* 477 S.W.2d 535 (Tex.1972). It is possible that a Texas court would honor the choice-of-law provision in the contracts and apply Missouri law.

The result that would obtain under Missouri law is unclear.

2. To a certain extent, resolution of the conflict of laws questions turns on how the issue presented here—the enforceability of the forum-selection clause—is characterized. If it is characterized as primarily a matter of contract law, then arguably the *Erie* doctrine should apply and state law should determine the enforceability of the clause. *Which* state's law should apply would then be a problem, in view of the clause in the contract designating Missouri law as governing the contract. This court would have to determine whether *under Texas conflicts law,* this dispute is a matter of venue

## II.

■ Before the question of the enforceability of the venue provision is discussed, another preliminary issue must be considered. Taylor argues that the contractual venue provision is not mandatory, but merely permissive; that is, Taylor contends that the effect of the provision is that venue is proper in the court or courts designated by the provision, although venue need not be laid there. This construction of the provision is erroneous. The contracts provide that venue *shall be* laid in the county where Titan has its principal offices; the language reveals an intention to designate that county as the only place where suits on the contracts may be brought. *Cf. Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955 (5th Cir. 1974); *Zapata Marine Service v. O/Y Finnlines, Ltd.,* 571 F.2d 208 (5th Cir. 1978). The question that remains, then, is whether the contractual venue provision is enforceable under federal law.

■ Contractual provisions designating a particular forum for resolution of disputes have historically been viewed with disfavor, and have often been held unenforceable because against public policy. See Annotation, 56 A.L.R.2d 300, 306–320 (1957). In recent years, however, federal courts have shown a willingness to honor forum-selection clauses where their enforcement would be neither unreasonable nor unjust, and where enforcement would not contravene a strong policy of the forum in which suit was originally brought. The leading case holding such a clause enforceable is *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). There the Supreme Court, in an admiralty case, held enforceable a forum selection clause in a contract between an American and a German corporation providing for the towing of a drilling rig from Louisiana to Italy.

The court was careful to limit its holding to the facts of the case before it, involving an international agreement with respect to which "much uncertainty and possibly great inconvenience to both parties could arise if a suit could be maintained in any jurisdiction in which an accident might occur or if jurisdiction were left to any place where the *Bremen* or Unterweser might happen to be found." 407 U.S. at 13, 92 S.Ct. at 1915. Nonetheless, the reasoning of the opinion is applicable, though perhaps with slightly less force, to forum-selection provisions between domestic corporations involved in multistate commercial transactions. It is noteworthy, too, that in stating that it granted certiorari to resolve a conflict among various circuit courts, the Supreme Court cited *Central Contracting Co. v. Maryland Casualty Co.,* 367 F.2d 341 (3rd Cir. 1966), a nonadmiralty case in which a forum-selection clause in a construction subcontract between domestic corporations was enforced. Finally, the court in *Bremen* noted that the rule it announced was "merely the other side of the proposition recognized by this Court in *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964) holding that in federal courts a party may validly consent to be sued in a jurisdiction where he cannot be found for service of process through contractual designation of an 'agent' for receipt of process in that jurisdiction." 407 U.S. at 10–11, 92 S.Ct. at 1913. Like personal jurisdiction, venue may be waived in federal court.

Lower federal courts have extended the *Bremen* holding to nonadmiralty cases, and to cases involving only domestic corporations. *See, e. g., St. Paul Fire and Marine Ins. Co. v. Travelers Indemnity Co., supra; In-Flight Devices Corp. v. Van Dusen Air, Inc., supra; Spatz v. Nascone,* 368 F.Supp. 352 (W.D.Pa.1973), *affirming,* 364 F.Supp. 967.

---

or a matter of contract law. If the former, Texas choice-of-law rules would dictate application of the law of the forum state, *i. e.,* Texas. If under Texas conflicts law this were viewed as primarily a question of contract law, then arguably a Texas court would apply Missouri law to its resolution, in view of the contractual choice-of-law provision.

This detailed inquiry need not be reached by this court by virtue of its characterization of the question of the enforceability of the clause as primarily a matter of venue and not a matter of contract law. On that basis this court has concluded that the *Erie* doctrine does not mandate application of state law to the resolution of the issue.

The contractual venue provision at issue here was entered into by parties of apparently equal bargaining power. There is no claim that the contracts are affected by fraud, overreaching, undue influence, or unequal bargaining power. The forum designated for resolution of disputes—in this case the federal district court in St. Louis, Missouri—is not an unreasonable forum in the sense that it bears a reasonable relation to the dispute and is not an extremely inconvenient forum for resolution of this dispute. Indeed, venue would have been proper in the Eastern District of Missouri, Eastern Division, under 28 U.S.C. § 1391 (1976) had this suit been originally instituted there. Under these particular circumstances this court will enforce the forum-selection provision in the contracts; this court emphasizes, however, that its holding is limited to the situation presented here of a forum-selection provision 1) entered into by corporations of equal bargaining power and unaffected by fraud, overreaching, or any other form of unfairness and 2) reasonable in the sense that its enforcement does not cause great inconvenience to the parties and does not result in the transfer of the case to a forum that is not reasonably related to the lawsuit. It bears emphasis that overweening bargaining power or inequality in bargaining power ought to be carefully watched for. And appearance as "boiler plate" in form contracts is a warning. This court is here satisfied but shares the concern expressed by Justice Black's dissent in *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 332, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). The motion to transfer is GRANTED. The case is hereby transferred to the United States District Court for the Eastern District of Missouri, Eastern Division.