NORTHEAST THEATRE
CORPORATION,
Plaintiff,

v.

EDIE AND ELY LANDAU,
INC., Defendant.

Civ. A. No. 82–3030–MC.

United States District Court,
D. Massachusetts.

June 2, 1983.

Leonard W. Wagman, Timothy P. Dillon, Golenbock & Barell, New York City, Jeffrey S. Stern, Sugarman, Rogers, Barshak & Cohen, Boston, Mass., for defendant.

Bart J. Vinik, Boston, Mass., for plaintiff.

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS OR, IN ALTERNATIVE, TO TRANSFER

McNAUGHT, District Judge.

This action came before the court for hearing on defendant's motion to dismiss for improper venue, or in the alternative, to transfer to the United States District Court for the Central District of California. 28 U.S.C. §§ 1404(a) and 1406(a).

It is alleged in the complaint that the defendant reached an agreement relating to the financing, distribution and exhibition of certain motion pictures. Plaintiff asserts that there was a breach of an Option and Letter Agreement and that defendant made misrepresentations concerning an intent to comply with the Agreement. Clause 18 of the Agreement, which Agreement is attached to an affidavit filed in support of the motion provides:

> 18. *Jurisdiction.* This Letter Agreement shall be construed and interpreted under the laws of the State of California. In the event that either party initiates any litigation involving this Letter of Agreement, such litigation shall be instituted in the State of California. Producer and Exhibitor agree to submit to the jurisdiction of the courts of the State of California and to accept service of process therefor of registered mail, return receipt requested, addressed as provided for in Paragraph 17 . . ."

It appears that Edie and Ely Landau, Inc. intended thereby to avoid the necessity of defending lawsuits in diverse jurisdictions. Plaintiff, despite the clause quoted above, commenced the action here in the United States District Court for the District of Massachusetts. The issue is whether the forum selection clause should be enforced. In this action, under 28 U.S.C. § 1391(a) and (b), venue is appropriate in either California or Massachusetts. Complicating this problem is the fact that plaintiff asserts a theory of liability under the Securities Ex-

change Act of 1934, 15 U.S.C. § 78j(b) and Rule 10(b)(5). The Act, Section 27, allows a plaintiff to bring an action in the district where the act constituting the violation occurred, where the defendant transacts business, where the defendant is found, and where the defendant inhabits. Section 27 would apparently require denial of the instant motion, except that the Supreme Court, in *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) held that the venue provisions of the Securities Exchange Act may be waived by contract. The Act, then, is not determinative of the problem.

It should be noted that the Agreement contains not only the notion of forum selection, but provides also that the Agreement would be construed and interpreted under the laws of California. Plaintiff has argued forcefully that the court could decline to enforce the forum selection clause and yet interpret and construe the contract under California law.

The parties differ as to whether the enforcement of the clause is a matter to be decided under federal law or under the law of the Commonwealth of Massachusetts. The Supreme Judicial Court of Massachusetts, in *Nashua River Paper Co. v. Hammermill Paper Co.*, 223 Mass. 8, 111 N.E. 678 (1916) enunciated the principle that forum selection clauses are unenforceable, although Massachusetts does enforce certain choice of law clauses. *Morris v. Watsco, Inc.*, 385 Mass. 672, 433 N.E.2d 886 (1982). If Massachusetts law controls the question of enforcement of the clause in this contract, the motion should be denied. As plaintiff has noted in its brief (n. 6, p. 7) the Courts are split on the issue of whether state or federal law is to apply to forum selection clauses. This struggle, says plaintiff, has centered around the courts' concern for the preservation of the fundamental structure of our system of government. (At p. 6), "Consequently, when involved in determination of these issues, federal courts have stepped gingerly, and necessarily so, for in every such decision there lies a potentially unconstitutional incursion into state sovereignty."

In *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court ruled that forum-selection clauses are prima facie valid, at least in admiralty suits. A party resisting application of the clause is required to show *clearly* that enforcement would be unreasonable and unjust, or that the clause was invalid for reasons such as fraud or overreaching. This did not settle the issue so far as diversity cases are concerned.

"It is far from clear, however, whether a court sitting in diversity should follow the *Bremen* approach towards forum-selection clauses or whether, by virtue of the *Erie* doctrine, it must apply state law on this question. The issue is a complex one, *Matthiesssen v. National Trailer Convoy, Inc.*, 294 F.Supp. 1132, 1143, n. 3 (D.Minn.1968), about which 'it would probably be possible to write at length ...' *Geiger v. Keilani*, 270 F.Supp. 761, 765 (E.D.Mich.1967)." *Cruise v. Castleton, Inc.*, 449 F.Supp. 564 (S.D.N.Y.1978).

The issue was not decided in *Cruise* since the state law in that case was in substantial conformity with the federal approach of *Bremen*.

In this case, the question of enforcement of the clause is not to be decided by state law.

"It is quite clear that Congress validly may provide for the location of trials in the federal courts, and it has done so since the initial Judiciary Act. Since 1887 it has limited venue in the federal courts to exclude trial in some locations in which trial could be had in the state courts.

"Since venue in the federal courts is statutory and procedural, neither the Rule of Decision Act (28 U.S.C. § 1652) nor the decision in *Erie Railroad v. Tompkins* [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)] applies, and it is well established that state law cannot control federal venue." 1 Moore's Federal Practice, ¶ 0.140 [1.–3–1].

I am impressed by and therefore quote language employed in *Taylor v. Titan Mid-*

west Const. Corp., 474 F.Supp. 145, 147 (N.D.Tex.1979):

"This court is of the view that federal law should govern here.... The question whether venue is proper in a particular federal court is essentially a matter of procedure that is peculiarly within the province of the federal courts; and while (Massachusetts) has a strong interest in regulating the place where its citizens may sue or be sued in (Massachusetts) state courts, the federal courts have an equally strong interest in regulating venue within the federal court system.... Where suit will lie in the federal system is peculiarly the concern of the federal courts. There is nothing to require resort to state law to lay out the rules. There is a conspicuous reason not to do so. Resort to state law would balkanize venue rules when a uniform rule is patently preferable.... [T]here is only one logical path to one result.... Thus this court will apply federal law to the question presented here."

---

"Since the defendant may waive objection to venue, there appears to be no reason why he may not by contract agree to be sued in a district in which otherwise the venue would be improper unless under the circumstance the agreement is unreasonable, and such contracts have been upheld." 1 Moore's Federal Practice, ¶ 0.140 [1.–3–2].

The text continues on to state that contracts limiting the plaintiff's choice of venue have not been favored by American courts, although some of the more recent cases have exhibited less hostility to their enforcement. Judge Anthony Julian of this court, in St. Paul Fire and Marine Ins. Co. v. Travelers Indemnity Co., 401 F.Supp. 927 (1975) wrote that:

"The modern trend, however, is to give effect to such clauses where the forum chosen is reasonable," at p. 929, and at p. 930, he wrote: "It is the opinion of this Court that the modern view should be followed in the present case."

In Taylor v. Titan Midwest Const. Corp., supra, (in 1979) in a situation somewhat similar to that presented here, the court enforced a forum selection provision, noting that the parties to the contract were of equal bargaining power, unaffected by fraud, overreaching, undue influence, or unequal bargaining power. The judge found that the forum bore a reasonable relation to the dispute and was not extremely inconvenient for resolution of the dispute. At p. 149.

The same is true here. The parties have been described in argument, aptly, as sophisticated and there can be no question that both are accustomed to transacting business in distant states. The plaintiff is a major operator of theaters and apparently entered freely into the Option and Letter Agreement. The purpose for the insertion of the clause was a reasonable one: alleviate the defendant's concern that it might be required to defend lawsuits in diverse jurisdictions, and to promote stability by reason of the application of California law to any disputes which might arise. It is true that the clause will minimize the expense of the defendant, but that does not appear to be such an advantage that one should upset an agreement by the plaintiff who bargained before this term was adopted. There is no contention, let alone evidence, of "fraud or overreaching", and according to the Landau affidavit submitted to the court, the vast majority of the witnesses either reside in or come regularly to Los Angeles, California.

The motion to transfer is granted. The case is hereby ORDERED transferred to the United States District Court for the Central District of California.