**C. PAPPAS COMPANY, INC., Plaintiff,**

v.

**E. & J. GALLO WINERY, Defendant.**

**Civ. A. No. 82–3458–G.**

United States District Court,
D. Massachusetts.

June 29, 1983.

Robert D. Paul, Goodwin, Procter & Hoar, Boston, Mass., for plaintiff.

Alan R. Miller, Robins, Zelle, Larson & Kaplan, Wellesley, Mass., Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

GARRITY, District Judge.

The plaintiff, C. Pappas Company, Inc. (hereinafter referred to as "Pappas"), is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. Pappas is a wholesaler licensed under Massachusetts law to distribute alcoholic beverages and related products. In 1967, Pappas entered into an agreement with the defendant, the E. & J. Gallo Winery of Modesto, California (hereinafter referred to as "Gallo"), whereby Pappas was appointed a wholesale distributor of Gallo products within the Commonwealth of Massachusetts. On December 1, 1976 that agreement was renewed by the parties when they entered into a new "Agreement of Distributorship."

Term # 8 of the 1976 Agreement of Distributorship states:

> This agreement is entered into under the laws of the State of California and shall be construed thereunder, and any cause of action arising between the parties, whether under this agreement or otherwise, shall be brought only in a court having jurisdiction and venue at the home office of Winery. Winery and Distributor each hereby designate CT Corporation System, 235 Montgomery Street, San Francisco, California 54104 as agent for service of process in any such cause of action.

Mr. K.C. Bertsch, a Gallo Vice President, signed the Agreement on behalf of Gallo and Mr. John C. Pappas, the President of Pappas, signed as Pappas's representative.

On November 15, 1982 Pappas commenced this action against defendant Gallo, alleging violations of the federal antitrust laws and state law claims for breach of contract, breach of fiduciary duties, tortious interference with prospective business relations, and violation of the Massachusetts Consumer Protection Act. According to Pappas's complaint and the proposed amended complaint filed by Pappas, the

1976 Agreement of Distributorship is valid and was in effect up to and including the dates of the filing of the complaint and the amended complaint. The gravamen of the complaint is that Gallo breached its contract with Pappas and entered into a conflicting contract and conspiracy with McKesson Wine & Spirits Co. in an effort to eliminate competition and restrain trade. Pappas seeks damages and injunctive relief, including, *inter alia,* an injunction requiring Gallo to honor and comply with the provisions of the 1976 Agreement of Distributorship.

On February 18, 1983 defendant Gallo filed a Motion to Dismiss or to Transfer, seeking to enforce Term # 8 of the Agreement of Distributorship and asking this court to dismiss this action pursuant to Fed. R.Civ.P. 12(b)(3) for improper venue or to transfer this action to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1406(a). *See also* 28 U.S.C. § 1404(a). Pappas filed opposition, Gallo filed a reply brief, and the Motion to Dismiss or, in the Alternative, to Transfer, is presently before the court. Oral argument would, in this instance, be superfluous.

■ The issue here is whether the forum selection clause in Term # 8 of the 1976 Agreement of Distributorship should be enforced. A preliminary question is whether the enforcement of the clause is to be decided under federal or state law. This question was recently decided by Judge McNaught in a similar case in this district. In *Northeast Theatre Corporation v. Edie and Ely Landau, Inc.,* D.Mass.1983, 563 F.Supp. 833 at 834–835, Judge McNaught held that in the federal courts the question of the enforcement of forum selection clauses is to be decided under federal law. Therefore, we turn to examine the federal cases which have focused on forum selection clauses.

■ In the landmark case of *The Bremen v. Zapata Off-Shore Co.,* 1972, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513, the Supreme Court adopted the modern view that forum selection clauses are "prima facie valid and should be enforced unless en-

forcement is shown by the resisting party to be 'unreasonable' under the circumstances." That case was an admiralty dispute, but the same analysis applies to other contract actions. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Travelers Indem. Co.,* D.Mass.1975, 401 F.Supp. 927, 929–930. The standard in this Circuit for establishing that a forum selection clause is unreasonable requires that

> a resisting party must present evidence of fraud, undue influence, overweening bargaining power or such serious inconvenience in litigating in the selected forum that it is effectively deprived of its day in court. *See The Bremen v. Zapata Off-Shore Co., supra,* 407 U.S. at 12–19 [92 S.Ct. at 1914–1918].

*Fireman's Fund Amer. Ins. Cos. v. Puerto Rican Forwarding Co., Inc.,* 1 Cir.1974, 492 F.2d 1294, 1297.

■ Pappas's main argument on this issue is that the forum selection provision should not be enforced because it was not the result of equal bargaining. No allegations of fraud or undue influence have been made by Pappas and there is no evidence to support such claims. Rather, Pappas attempts to portray itself as a small wholesaler coerced into signing the Agreement of Distributorship by Gallo, "the largest supplier of wine in the United States." Pappas contends that the parties' respective bargaining positions were so vastly disproportionate that this court should not enforce the forum selection clause. Pappas also points to the fact that the Agreement of Distributorship "sets forth a series of boilerplate terms and conditions in printed, single-spaced form in small type."

However, Pappas does not contend that it did not read or did not understand the Agreement of Distributorship before signing it. Pappas is a major corporation which distributes wine and other alcoholic beverages throughout Massachusetts. Pappas does not dispute Gallo's estimates that Pappas sold $9 million of Gallo products in 1981, that Pappas paid more than $4 million of state excise taxes to the Commonwealth of Massachusetts in 1982, or that Pappas's

gross revenues in 1982 from sales of alcoholic beverages substantially exceeded $50 million.

Pappas contends it had to sign the 1976 Agreement of Distributorship because it was presented by Gallo as a non-negotiable, "take-it-or-leave-it" proposal. Gallo rejected Pappas's effort to attach an addendum expressly incorporating the protections against arbitrary termination set forth in Mass.G.L. c. 138, § 25. However, the fact that Gallo insisted on maintaining certain terms in its distributorship agreements does not establish that it possessed superior bargaining power. In addition, the effort by Pappas to amend the Agreement evidences Pappas's awareness of the terms of the Agreement, Pappas's knowledge that the Agreement specifies that it is to be governed by California law, and Pappas's decision to agree to all the terms of the Agreement despite its fact that some terms were not exactly as Pappas would have preferred.

In our view, the parties are both sophisticated and are accustomed to negotiating and entering into contracts in situations, like the one here at issue, in which great sums of money are at stake. Here, as in the *Northeast Theatre* case, *supra* at 835, the defendant's insistence on the forum selection clause was for a reasonable purpose: to alleviate the defendant's concern that it might be called upon to defend lawsuits by its many distributors in states all over the United States and to provide certainty and uniformity for the conduct of the defendant's winery by providing that all disputes would be adjudicated by California courts under California laws.

█ Pappas also contends that it would suffer such serious inconvenience if required to litigate this case in California that it would be "effectively deprived of its day in court." *Fireman's Fund, supra* at 1297. The only evidence in support of Pappas's claims of inconvenience is the affidavit of John C. Pappas, Jr., the Chairman of the plaintiff's Board of Directors. He states, in pertinent part, that

Pappas' counsel is located in Boston, Massachusetts. Pappas has no experience with California counsel. It would be a substantial hardship for Pappas to have to litigate its claims against Gallo in California. Pappas would, in all likelihood, not be able to maintain this action were it transferred.

The fact that the plaintiff would be required to retain counsel in California would not be such a major burden as to prevent the plaintiff, a company with $50 million in annual sales, from litigating this claim if it is meritorious, especially when the antitrust laws will provide the plaintiff with a treble damage recovery. Because the complaint alleges an unlawful conspiracy in restraint of trade, the testimony of Gallo's policy makers who are employed at Gallo's home offices will be important. Pappas has not made a sufficient showing that so many more witnesses reside in Massachusetts than in California that transfer would not be in the interests of justice. The addition of McKesson Wine & Spirits Co. as a defendant in the amended complaint in no way affects this conclusion.

█ The final question is whether this case should be dismissed or transferred. In *The Bremen v. Zapata Off-Shore Co., supra* 407 U.S. at 12, 92 S.Ct. at 1914, the Supreme Court made it clear that the effect of a forum selection clause is not to " 'oust' a court of jurisdiction." Therefore, the court will not dismiss this action, but will transfer it to the Eastern District of California. All defendants named in the initial complaint reside in the District of California and the cause of action arose there. Plaintiff consented, by signing the Agreement of Distributorship, to bring its actions against Gallo in California. McKesson Wine & Spirits Co. is a Maryland corporation with its headquarters in California that is licensed to do business throughout California. Therefore, even if McKesson Wine & Spirits Co. is added as a defendant, venue remains proper in the Eastern District of California. *See* 28 U.S.C. § 1391(c). Accordingly, the motion to transfer is granted. The case is hereby ordered transferred to the United

States District Court for the Eastern District of California.