**PELLEPORT INVESTORS, INC., a corporation, Plaintiff,**

v.

**BUDCO QUALITY THEATRES, INC., a corporation, also known as Budco, Inc., and as Budco Theatres, Does 1 through 100, Inclusive, Defendants.**

No. 83–3728 AWT.

United States District Court,
C.D. California.

Aug. 12, 1983.

Jay R. Ziegler, Buchalter, Nemer, Fields, Chrystie & Younger, Los Angeles, Cal., for plaintiff.

Henry N. Jannol, Los Angeles, Cal., for defendants.

MEMORANDUM OPINION AND ORDER

TASHIMA, District Judge.

This is a breach of contract action for alleged failure to pay the agreed rental fees for the rental of various theatrical motion pictures. Plaintiff is the assignee of American Cinema Releasing, Inc., a California corporation, owner of the prints which are

the subject of the agreements. The action was removed from state court by defendant Budco Quality Theatres, Inc. ("Budco"), the only defendant who has appeared in this action. Budco is a Pennsylvania corporation whose principal place of business is in Doylestown, Bucks County, Pennsylvania. Removal is predicated on diversity of citizenship, the existence of which is not challenged.

Before the Court now is plaintiff's motion to remand the action to state court. Although a number of grounds are set forth in support of the motion, only one need be addressed—that Budco has agreed that disputes arising out of the film rental agreements will be litigated in California state courts.[1]

Each of the agreements sued on contains the following forum selection clause:

> Exhibitor [defendant] expressly agrees that any and all disputes arising out of or in connection with this Agreement shall be litigated only in the Superior Court for Los Angeles, California[2] (and in no other), and Exhibitor hereby consents to the jurisdiction of said court....

Plaintiff contends that this is a valid, binding and reasonable forum selection clause of a commercial agreement. Defendant contends that it is invalid because it contravenes federal policy as embodied in the removal statute and the case law construing it and that its application here is unreasonable.

The parties rely on opposing lines of cases, both of which find their origin in the dictum in *Insurance Co. v. Morse,* 87 U.S. (20 Wall.) 445, 22 L.Ed. 365 (1874). That case involved the validity of a Wisconsin statute which required a foreign insurance company, as a condition to the right to transact business in that state, to agree that it would not remove any suits commenced against it in Wisconsin to federal court. The statute was held to be unconstitutional and void. However, in broad dictum, the court stated that "agreements in advance to oust the courts of jurisdiction conferred by law are illegal and void." *Id.* at 451, 22 L.Ed. 365. Most of these cases are collected and analyzed in *Perini Corp. v. Orion Ins. Co.,* 331 F.Supp. 453 (E.D.Cal. 1971). *See also Colonial Bank & Trust Co. v. Cahill,* 424 F.Supp. 1200, 1202–03 (N.D.Ill. 1976) (contractual language insufficient to constitute express waiver).

Were matters to end there, the question might still be considered open for debate. However, the Supreme Court has since decided *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). That case involved the enforceability of a forum selection clause under an international towage contract which provided that disputes under the contract, "must be treated before the London Court of Justice." The Court there held that "a freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power ... should be given full effect." *Id.* at 12–13, 92 S.Ct. at 1914–1915 (footnote omitted). *The Bremen* also expressly limited *Insurance Co.* to situations involving state statutory limitations on the right of removal as a prerequisite to doing business in the state. 407 U.S. at 9–10 n. 10, 92 S.Ct. at 1913 n. 10.

The Court stated that, "in the light of present-day commercial realities ... we conclude that the forum clause should control absent a strong showing that it should be set aside ... The correct approach would have been to enforce the forum

---

1. Plaintiff also contends that the inclusion of fictitiously named defendants defeats diversity jurisdiction; that, although the complaint seeks $246,319.73 "from defendants, and each of them," the jurisdictional amount in controversy of 28 U.S.C. § 1332(a) has not been met with respect to each defendant; and, that given that above defects, Budco has not demonstrated the existence of a separate and independent claim against it under 28 U.S.C. § 1441(c). The latter contention also raises the issue of pendent party jurisdiction.

2. This is obviously a misnomer for the Superior Court of the State of California for the County of Los Angeles, which is the only superior court located at Los Angeles, California. That, in fact, is the court where this action was commenced and the parties do not dispute that that is the forum referred to in this clause.

clause specifically unless Zapata could clearly show that enforcement would be unreasonable and unjust...." *Id.* at 15, 92 S.Ct. at 1916. The "heavy burden" of the required "strong showing" is "not only that the balance of convenience is strongly in favor of trial in [the U.S. District Court at] Tampa ..., but also that a London trial will be so manifestly and gravely inconvenient to Zapata that it will be effectively deprived of a meaningful day in court...." *Id.* at 19, 92 S.Ct. at 1918. Given that standard for testing the enforceability of an international forum selection clause, the enforceability and reasonableness of a domestic forum selection clause, involving only a choice between a state and federal court, would appear to be an *a fortiori* case. And while it is true in this case that the forum selection clause also acts as a "removal waiver" clause, that fact is insufficient to justify disregarding the reasons advanced in *The Bremen* for upholding the validity of such provisions in a commercial context.

While defendant challenges the reasonableness of enforcing the forum selection clause in this case, the reasons advanced amount to no more than the usual "convenience of parties and witnesses" ground under 28 U.S.C. § 1404(a).[3] Again, the Court's observation in *The Bremen* is directly applicable:

> Of course, where it can be said with reasonable assurance that at the time they entered the contract, the parties to a freely negotiated private ... commercial agreement contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable.

**3.** Among the pending motions in this case is defendant's motion, in the alternative, for change of venue under § 1404(a). Because I grant the motion to remand, I do not reach that or the other of defendant's pending motions.

**4.** Defendant also claims that the forum selection clause is inapplicable to some of plaintiff's claims because of defendant's "belief" that some of the claimed rentals are based on oral agreements, which do not include the forum clause. However, it is clear from a review of the complaint that all of the claims are based

407 U.S. at 16, 92 S.Ct. at 1916–17. I find that Budco has not carried its burden under the test of *The Bremen* to render enforcement of the forum selection clause unreasonable.[4]

ORDER

Because, as a matter of law, I conclude that the forum selection clause at issue here is valid and enforceable, unless enforcement would be unreasonable in the circumstances, and I find that enforcement is not unreasonable.

IT IS ORDERED that this action be and hereby is remanded to the Superior Court of the State of California for the County of Los Angeles.

upon written contracts. While the complaint also pleads several common counts, under California practice the specifically pleaded count controls. *E.g., Jones v. Daly,* 122 Cal.App.3d 500, 510, 176 Cal.Rptr. 130 (1981). On the removal/remand issue, defendant is bound by the allegations of the complaint. *Cf. Alton Box Board Co. v. Esprit De Corp.,* 682 F.2d 1267, 1274 (9th Cir.1982) (anticipated federal defense does not establish federal question jurisdiction).