**QUEEN NOOR, INC.**

v.

**Fred McGINN, et al.**

**C.A. No. B–83–065.**

United States District Court,
S.D. Texas,
Brownsville Division.

Jan. 10, 1984.

Richard G. Roth, Brownsville, Tex., for plaintiff.

Charles D. Kennedy, Brownsville, Tex., for defendants.

MEMORANDUM AND ORDER

VELA, District Judge.

Plaintiff, Queen Noor, Inc., a corporation incorporated in the State of Texas with its principal place of business in Weslaco, Hidalgo County, Texas, instituted this action on February 10, 1983 in the 197th Judicial District Court of Cameron County, Texas,

Cause No. 83–346–C, claiming tortious interference and breach of a time charter party contract. The Defendants, Fred McGinn and Gus Speros, are residents of the State of South Carolina. Bote, Inc. is a corporation organized and existing under the laws of the State of South Carolina.

On February 14, 1983, the Defendants herein, filed a cause of action in the United States District Court for the District of South Carolina, Charleston Division, styled 83–0389–8: *Bote Inc. v. Queen Noor, Inc., William D. Taylor and Noor Taylor* arising out of the same transaction and containing similar facts as the suit filed in Cameron County. Thereafter, the Defendants herein petitioned for removal to this Court on March 7, 1983. Said petition was subsequently granted.

### I.

The Defendants now appear before this Court seeking transfer of the case to the District of South Carolina, Charleston Division. Their Motion to Transfer is based upon section 14 of the time charter party agreement, which states as follows:

> 14. *Law and Litigation.* This charter shall be construed and the relations between the parties determined in accordance with the law of the State of South Carolina. Any dispute arising under this Charter shall be decided by the United States District Court for the District of South Carolina, to whose jurisdiction the parties agree whatever their domicile may be.

■■ Plaintiff raises two contentions as to why this forum selection clause should not be enforced by this Court. Foremost, Plaintiff asserts that the Defendants waived any objections to venue in the Southern District of Texas by failing to timely raise the issue. The record reflects that an answer and counterclaim to Plaintiff's petition was filed on March 7, 1983 in which the defense of improper venue was specifically raised. The law is clear that the defenses of improper venue and want of personal jurisdiction are waived if not raised prior to or at the time of the answer.

*Textron, Inc. v. Maloney-Crawford Tank and Manufacturing Co.,* 252 F.Supp. 362, 363 (S.D.Tex., Houston, 1966) *citing* Federal Rules of Civil Procedure, Rule 12(h)(1)(B); 1A Barron and Holtzoff, *Federal Practice and Procedure,* Sec. 370. Courts from other circuits have reached the same conclusion: *Concession Consultants, Inc. v. Mirisch,* 355 F.2d 369 (2d Cir.1966); *Leif Hoegh and Co. v. Alpha Motor Ways, Inc.,* 534 F.Supp. 624 (S.D.N.Y., 1982); *United States ex rel. Flemings v. Chafee,* 330 F.Supp. 193 (E.D.N.Y.1971), *aff'd* 458 F.2d 544 (2d Cir.1972), *rev'd on other grounds sub nom.,* 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973). After analyzing these decisions, it is the opinion of the Court that the Defendants timely raised their assertion of improper venue by including it within their answer.

However, the Plaintiff further contends that any venue objection was waived by reason of the Defendants' inclusion of a counterclaim within their answer. As a result, Plaintiff asserts that the Defendants sought affirmative relief from this Court thereby submitting themselves to its jurisdiction.

■ Initially, it must be noted that the Federal Rules of Civil Procedure provide no concrete guidance on the questions of how to present a counterclaim with the defenses of lack of personal jurisdiction or improper venue to the original claim, or its effect on them if asserted. 62 *Federal Procedure Lawyers Edition* § 214, at 186 (1981). FRCP 12(b) does not specifically find that such defenses are waived when joined with a counterclaim. Nevertheless, an exhaustive study of caselaw reveals that many courts have held that a defendant who joins a counterclaim with a venue defense thereby waives the defense: *Freeman v. Bee Machine Co.,* 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943); *Kincade v. Jeffery-DeWitt Insulator Corp.,* 242 F.2d 328 (5th Cir.1957); *Rubens v. Ellis,* 202 F.2d 415 (5th Cir.1953); *Southern Trust Co. v. Austin,* 30 F.2d 893 (5th Cir.1929); *Textron, Inc. v. Maloney-Crawford Tank and Manufacturing Co., supra* at 364.

It has been suggested that these cases are distinguishable from those adopting a contrary view based upon their failure to consider whether it might make a difference that the counterclaim was of a compulsory nature under FRCP 13(a) or of a permissive nature under FRCP 13(b). *Dragor Shipping Corp. v. Union Tank Car Co.,* 378 F.2d 241 (9th Cir.1967); *Hasse v. American Photograph Corp.,* 299 F.2d 666 (10th Cir.1962); *Baltimore and Ohio Railroad Co. v. Thompson,* 180 F.2d 416 (8th Cir.1950); *Medicenters of America, Inc. v. T & V Realty and Equipment Corp.,* 371 F.Supp. 1180 (E.D.Va.1974). FRCP 13(a) provides that a counterclaim is compulsory if it arises out of the transaction of occurrence that is the subject matter of the opposing party's claim. In the case at bar, there can be little doubt as to the compulsory nature of the Defendant's counterclaim. It alleges a breach of the same time charter party agreement which is the basis of the Plaintiff's cause of action.

However, attaching a compulsory label to the counterclaim is not necessary in determining that venue was not waived by the Defendant's insertion of it in their answer. FRCP 13(b) does not place any restrictions upon the assertion of a permissive counterclaim.

The Third Circuit Court of Appeals in *Neifeld v. Steinberg,* 438 F.2d 423 (3rd Cir.1971), addressed the issue at hand in a well reasoned opinion from which the Court adopts the following:

Rule 12(b) provides a defendant with the option of raising jurisdictional defenses by motion or by answer. If we were to take the position that a defendant, by raising his jurisdictional defenses in the same pleading in which he asserted a counterclaim, waived his jurisdictional defenses, we would in effect be engrafting a judicial exception to Rule 12(b). We would be requiring a defendant to raise his jurisdictional defenses by motion when he intends to file a counterclaim in his responsive pleading. This requirement would be contrary to the option provided to the defendant in Rule 12(b).

Furthermore, the policy behind Rule 12(b) militates against our finding a waiver where a defendant files a counterclaim in the same pleading in which he asserts jurisdictional defenses. The purpose behind Rule 12(b) is to avoid the delay occasioned by successive motions and pleadings and to reverse the prior practice of asserting jurisdictional defenses by "special appearance." 5 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1362, at 647–48 (1969). Judge Maris clearly articulated the changes which Rule 12(b) made in his seminal opinion in *Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871 (3 Cir.), cert. denied 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944); "Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances."

Although the question presented here is slightly different from that in *Neifeld* in that the Defendants have not voluntarily withdrawn the counterclaim, other courts have held that in such a situation the counterclaim can be treated as conditional: its assertion being hypothecated upon an adverse ruling on the Defendant's jurisdictional defenses. *Lomanco, Inc. v. Missouri Pacific Railroad Company,* 566 F.Supp. 846 (E.D.Ark.1983); *In Re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398 (E.D.Pa.1981).

As examples of other decisions which have held that no waiver of jurisdictional or venue objections occurs by the filing of a cross-claim, counterclaim or third-party complaint, see *Knapp-Monarch Co. v. Dominion Electric Corp.,* 365 F.2d 175 (7th Cir.1966); *D'Amico v. Treat,* 379 F.Supp. 1004 (N.D.Ill.1974); *United States v. Marple Community Record, Inc.,* 335 F.Supp. 95 (E.D.Pa.1971); *Majerus v. Walk,* 275 F.Supp. 952 (D.Minn.1967); *Sadler v. Pennsylvania Refining Co.,* 33 F.Supp. 414 (D.C.S.C.1940); *Keil Lock Co. v. Earle Hardware Manufacturing Co.,* 16 F.R.D. 388 (D.C.N.Y.1954).

## II.

Plaintiff's second contention as to why the forum selection clause should not be enforced is based upon fraud. Although no allegations of fraud appear in the original complaint, it was adduced at a hearing on November 23, 1983 that depositions, relevant to the issue of fraud, were pending in South Carolina. As a result of said depositions, Plaintiff submitted a memorandum of fact and moved to amend his complaint to include fraud. The Court, after considering the same, hereby grants Plaintiff leave to amend.

Forum selection clauses have historically been viewed with disfavor, and have often been held unenforceable as against public policy. In 1972, the Supreme Court ruled a forum selection clause to be enforceable in a contract between an American and a German corporation providing for the towing of a drilling rig from Louisiana to Italy. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). *The Bremen* Court announced that the party resisting application of a forum selection clause must demonstrate either that the litigation in the agreed forum would be "unreasonable and unjust, or that the clause [is] invalid for fraud or overreaching." 407 U.S. at 15, 92 S.Ct. at 1916. Following *The Bremen*, other federal decisions have extended its holding to nonadmiralty cases, and to cases involving domestic corporations. See *Mercury Coal and Coke, Inc. v. Mannesmann Pipe and Steel, Corp.*, 696 F.2d 315 (4th Cir.1982); *Fireman's Fund American Insurance Co. v. Puerto Rican Forwarding Co.*, 492 F.2d 1294 (1st Cir.1974); *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir.1972); *St. Paul Fire and Marine Insurance Co. v. Travelers Indemnity Co.*, 401 F.Supp. 927 (D.Mass.1975); *Spatz v. Nascone*, 368 F.Supp. 352 (W.D.Pa.1973).

The Fifth Circuit has had few opportunities to consider the question of forum selection clauses. Indeed, the only opinion which this Court can find from this circuit is a district court case: *Taylor v. Titan Midwest Construction Corp.*, 474 F.Supp. 145 (N.D.Tex.1979). In *Taylor*, the Court upheld a forum selection clause in a contract between two domestic corporations.

■ Turning to the case at bar, the Court specifically finds that the forum selection clause contained in the time charter party agreement is unaffected by fraud, overreaching or undue influence. No evidence exists to warrant such a conclusion. Furthermore, the forum designated by the clause bears a reasonable relation to the dispute and is not a great inconvenience to the parties. Plaintiffs will not be precluded by this transfer, as they contend, from litigating their claims. As was previously stated, an action between the same parties arising out of the same occurrence is presently pending in South Carolina.

Accordingly, based upon the foregoing, the Motion to Transfer is GRANTED. The case is hereby transferred to the United States District Court for the District of South Carolina, Charleston Division.