Cratsley, J.
Plaintiff, Lectrics & Inc., brought this action against defendant, Power Controls, Inc., to recover damages from defendant’s alleged breach of contract. This matter is before the court on defendant’s motion to dismiss for lack of personal jurisdiction. Mass.R.Civ.P. 12(b)(2). For reasons set forth below, defendant’s motion to dismiss is ALLOWED.
BACKGROUND
Plaintiff is a Texas corporation with its principal place of business in Texas. Defendant is a California corporation with its sole place of business in California. On December 9,1993 the parties entered into a subcontract whereby defendant agreed to supply plaintiff with electrical equipment for a federal project located in Georgia. Paragraph 26 of the “Purchase Order Terms and Conditions” in the subcontract designated Massachusetts as the forum for litigating any resulting disputes.[1] Thereafter, the parties executed two purchase orders for equipment to be delivered by defendant to plaintiff. The purchase orders contained the same “Purchase Order Terms and Conditions” found in the subcontract, including the forum selection clause. A dispute arose when defendant refused to honor the purchase orders, claiming that they had been signed by a person who had no authority to do so. Plaintiff suffered damages as a result, and brought this action against defendant.
DISCUSSION
As plaintiff correctly states, the sole basis for personal jurisdiction over the parties in this case are the forum selection clauses contained in the subcontract and the purchase orders in dispute.[2] Under federal law, forum selection clauses “are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be ‘unreasonable’ under the circumstances.” The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1971). This same view has also been adopted under Massachusetts law. “The Bremen rule, cited with approval by the Supreme Judicial Court, imposes ‘a heavy burden of proof . . . upon the party resisting enforcement of a forum selection clause to establish that its enforcement under the circumstances of the case is clearly unreasonable because of fraud, undue influence, overweening bargaining power or such serious inconvenience in litigating in the selected forum that the defendant is effectively deprived of his day in court.’ ” Graphics Leasing Corp. v. The Y Weekly, 1991 Mass.App.Div. 110, 113 (cites omitted); see also Lambert v. Kysar, 983 F.2d 1110 (1st Cir. 1993) (interpreting Massachusetts law).
There is no allegation in this case that the forum selection clause was obtained by “fraud, undue influence, [or] overweening bargaining power.” See Graphics Leasing Corp., supra at 113. Although the defendant does contend that enforcement of the forum selection clause would create “serious inconvenience,” because the forum selection clause was negotiated at arms length, any inconvenience arising from its enforcement “must be deemed to have been contemplated by the parties in executing the . . . agreement.” Id. There remains the issue, however, of whether the forum selection clause is “unreasonable” where the parties do not reside or do business in Massachusetts, and the contract in dispute was neither executed nor to be performed in the Commonwealth. Massachusetts courts have not addressed this issue. Accordingly, this Court turns for guidance to federal and state courts that have faced circumstances similar to those in this case.
The federal trial court in Carefree Vacations, Inc. v. Brunner, 615 F.Supp. 211 (D.C.Tenn. 1985), listed the relevant factors for determining the reasonableness of a forum selection clause. These factors include “1) which state law governs the contract; 2) the residence of the parties and witnesses; 3) place of execution and/or performance of the contract; 4) public policy; 5) availability of remedies in the selected forum; and 6) inconvenience or injustice.” Id. at 214. Applying these factors, the judge noted that neither party in Carefree Vacations resided or did business in the *508 selected forum (Texas), the contract was executed outside of Texas, and no expected witnesses were from Texas. He concluded that “in light of the lack of contact Texas had with the instant transaction, [the party opposing enforcement of the forum selection clause] rightly fears the possibility of being deprived of its day in Court, ” and held that the forum selection clause was unreasonable and unenforceable. Id.
This is consistent with language in Lambert, supra, in which the First Circuit recognized that cases involving an “essentially local dispute” in which the selected forum “was alien to all parties (so far as the record shows), and largely unconnected with the contractual relations at issue in the case,” fall within the exception to the Bremen rule. Lambert, supra, at 1120 (citing Mangham v. Gold Seal Chínchalos, Inc., 416 P.2d 680, 686 (Wash. 1966) (clause selecting Oregon as forum for disputes was “totally unreasonable,” where parties were from Washington and California, and the contract was to be wholly performed in Washington)). See also Taylor v. Titan Midwest Construction Corp., 474 F.Supp. 145, 149 (N.D. Tex. 1979) (enforcement of forum selection clauses limited to cases where the clause “does not result in the transfer of the case to a forum that is not reasonably related to the lawsuit”); 31 ALR4th 404, Jurisdiction-Contractual Restrictions, §4(c) (and cases cited therein).
In this case, the plaintiff is from Texas and the defendant is from California, the subcontract and purchase orders were executed outside of Massachusetts and the performance was to take place in Texas, California, and Georgia. There is no contention that any witnesses live in the Commonwealth of Massachusetts. The forum selection clause does not dictate that only Massachusetts law will apply in all respects to all these disputes. Considering public policy, the enforcement of the forum selection provision here would be inconsistent with the well-established principle that “parties cannot by contract or agreement confer jurisdiction on a court which would not otherwise have jurisdiction.” 31 ALR4th 404, Jurisdiction-Contractual Restrictions, §2 at 408. As with Carefree Vacations and Gold Seal Chínchalos, supra, the lack of contacts between the present dispute and the selected forum renders the forum selection clause in this case “unreasonable” and unenforceable.
Accordingly, defendant’s motion to dismiss for lack of personal jurisdiction is allowed.
ORDER
For the foregoing reasons, it is therefore ORDERED that defendant’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(2) be ALLOWED.

Paragraph 26 states in full: “Any controversy or claim arising out of or relating to this PURCHASE ORDER, or the breach thereof, shall be settled in the State of Massachusetts and judgment upon the award may be entered in any court having jurisdiction thereof.”

Plaintiff is also correct in stating that the Massachusetts longarm statute, G.L.c. 223A, §3, is inapplicable in this case. The forum-selection clause, if valid, would constitute consent by defendant to be sued in the commonwealth by plaintiff, regardless of the longarm statute. See Graphics Leasing Corp. v. The Y Weekly, 1991 Mass.App. Div. 110. The only issue here is whether the forum selection clause is valid.