Lauriat, J.
BVCIBC Funding, LLC (“BVCIBC”) has brought this action against the defendants for breach *731 of an equipment lease and an unconditional guaranty made part of the lease agreement. BVCIBC has also sought injunctive relief requiring the defendants to return the leased equipment. This matter is before the court on the motion of one defendant, Ramin R. Hatem (“Hatem"), to dismiss the action against him pursuant to Mass.R.Civ.R 12(b)(2) for lack of personal jurisdiction. Hatem asserts that BVCIBC has not sustained its burden of proving personal jurisdiction over him, that the guaranty’s forum selection cause designating a Massachusetts forum was unreasonable as applied to him, and that the Massachusetts longarm statute does not provide a basis for asserting personal jurisdiction over him. Alternatively, Hatem seeks dismissal based on the doctrine of forum non conveniens. BVCIBC does not contest that the Massachusetts longarm statute is inapplicable in these circumstances, and bases its claims for jurisdiction solely on the forum selection clause. For the following reasons, Hatem’s motion to dismiss is denied.
BACKGROUND
Hatem was associated with the defendant, Wind and Sea Auto Center (“WAS”) as a general partner from March 1997 to February 1999. In his Memorandum in Support of Motion to Dismiss and accompanying affidavit, Hatem contends that he and co-defendant Masoud Mofidi (“Masoud”) were partners in WAS. Masoud conducted the company’s day to day operations while Hatem reviewed the company’s books, records, and operations. On or about March 21, 1998, WAS executed an equipment lease with BankVest Capital Corp. (“BankVest”). BankVest later sold its rights under the lease to BVCIBC. The lease contained a section labeled “Unconditional Guaranty” which included the following provision:
(c) that this Guaranty shall be governed by the laws of the Commonwealth of Massachusetts and each Guarantor consents to the jurisdiction of any court located in the Commonwealth.
The guaranty contained signatures purporting to be those of Manoucheher Mofidi, Masoud’s brother, and Hatem. Hatem denies that he signed the lease, and alleges that the signature above his name on the guaranty is not his.
I.
A motion to dismiss under Mass.R.Civ.R 12(b)(2) places the burden on the plaintiff “to prove facts upon which personal jurisdiction is to be determined.” Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978). Hatem insists that this burden required BVCIBC to submit evidence, by way of affidavit or otherwise, in response to his motion to dismiss and the accompanying affidavit contending that Hatem did not sign the lease.
The court concludes that in the present circumstances, BVCIBC need not submit further evidence. A court may receive and consider affidavits to resolve jurisdictional questions, but there is significant “procedural leeway.” Kleinerman v. Morse, 26 Mass.App.Ct. 819, 821 n.4(1989). AMass.R.Civ.P. 12(b)(2) motion may also be decided on the basis of uncontroverted facts set forth in the parties’ written materials, information developed at evidentiary hearings, or on the complaint. Id. A supporting affidavit may be necessary when the complaint alone does not provide sufficient facts to support jurisdiction. Harvard University v. Pretsch, 1996 Mass.App.Dec. 100, 101. However, under the facts as alleged in BVCIBC’s complaint, coupled with a copy of the lease agreement as an attached exhibit, BVCIBC has met its burden in response to a motion to dismiss under MassR.Civ.P. 12(b)(2).
The court confronts a stark factual dispute as to the validity of Hatem’s signature. To that dispute, the court must apply the familiar Rule 12 standard that the motion must be denied if there is any set of facts under which the plaintiff can prevail. Since a forum selection clause can provide an independent basis for personal jurisdiction, the plaintiffs factual allegations are sufficient to confer jurisdiction if the forum selection clause at issue is valid. Graphics Leasing Corp. v. The Y Weekly, 1991 Mass.App.Dec. 110, 114 n.7.
II.
The United States Supreme Court has held that forum selection clauses “are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.” The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1971). The Court in Bremen imposed a heavy burden of proof upon the resisting party to show that enforcement was clearly unreasonable because of fraud, undue influence, overweening bargaining power, or such serious inconvenience that the defendant was effectively deprived of his day in court. Id. at 12-19. Massachusetts law has followed the modern trend in upholding forum selection clauses that are reasonable and fair. Jacobsen v. Mailboxes, Etc. U.S.A., Inc., 419 Mass. 572, 575 (1995).
Massachusetts appellate courts have not addressed standards for determining a fair and reasonable forum selection clause. However, the Superior Court in Lectric’s Inc. v. Power Controls Inc., Civil No. 94-2564 (Mass.Super. 1995) (Cratsley, J.) (3 Mass. L. Rptr. 507), and in Renaissance Worldwide Strategy, Inc. v. Bridge Strategy Group, LLC., Civil No. 99-1150 (Mass.Super. 2000) (McEvoy, J.) (11 Mass. L. Rptr. 679), has adopted a six-factor test to make such a determination. The six factors are “1.) which state law governs the contract; 2.) the residence of the parties and the witnesses; 3.) the place of execution and/or performance of the contract; 4.) public policy; 5.) availability of remedies in the selected forum; and 6.) inconvenience and injustice.” Lectric Inc., supra, citing Carefree Vacations, Inc. v. Brunner, 615 F.Sup. 211, 214 (W.D.Tenn. 1985).
Applying these factors to this case, the forum selection clause expressly states that Massachusetts law will govern disputes. Other than the plaintiff, all par *732 ties and likely witnesses are California residents. Plaintiff concedes that execution and performance of the lease occurred in California. This court assumes, for the purposes of this motion, that California and Massachusetts offer comparable remedies.
Public policy considerations encapsulate three of the Bremen concerns: fraud, undue influence and overweening bargaining power. Renaissance Worldwide, supra. Hatem does not contend that BVCIBC attempted to defraud him or unduly influenced him to sign the guaranty. Rather, Hatem argues that the selection of the Massachusetts forum resulted from BVCIBC’s overweening bargaining power. Hatem cites the use of a non-negotiable standard form lease and guaranty containing boilerplate language to designate a specific forum as evidence of this point. However, in Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991), the Supreme Court found that a boilerplate forum selection clause printed on the back of a cruise ticket was sufficient to force a Washington state couple to litigate their claims in a Florida forum. The Carnival Cruise Court based its decision on a countervailing public policy interest in encouraging certainty in contractual transactions. The Court reasoned that businesses deprived of the predictability of their chosen forum would face potentially increased costs which might inhibit their ability to deliver services. Id. at 593-94. Accepting that rationale, this court cannot conclude that the use of standard forms and boilerplate language constitutes overweening bargaining power sufficient to make the forum selection clause at issue here unreasonable on public policy grounds.
The last factor, inconvenience or injustice, bears on the final Bremen concern: such serious inconvenience that the defendant is effectively deprived of his day in court. Hatem must do more than merely claim injustice and inconvenience to demonstrate such a deprivation. "[A] plain allegation without proper support is insufficient to satisfy the defendant’s ‘heavy burden’ of proof.” Renaissance Worldwide, supra, citing Microfibres, Inc. v. McDevitt Askew, 20 F.Sup.2d 316, 325 (D.R.J. 1998). Particularly in the commercial context, “economic hardship or geographical inconvenience will not ordinarily bar enforcement of a forum selection clause.” Graphic Leasing, supra. Hatem alleges, and this court accepts, that it is inconvenient for him to litigate this matter in a forum 3,000 miles from his home. The court is further troubled by the fact that consideration of the reasonableness of the forum selection clause would be moot if Hatem’s signature is an unauthorized forgery. However, Hatem has not demonstrated that a Massachusetts forum would deprive him of an opportunity for a fair hearing on the merits, or that his personal circumstances are such that he cannot avail himself of that opportunity.
III.
Determining whether a forum non conveniens dismissal is appropriate “requires a careful balancing of the private interests of the litigants with matters of public concern.” Leasecomm Corp. v. Collesano, 1994 Mass.App.Dec. 126, 127 (citations omitted). The balancing required is heavily weighted toward the plaintiff, whose choice of forum will rarely be overturned. Id. Private interests include ease of access to witnesses and evidence, the court’s ability to compel evidence if necessary, and its ability to enforce a judgment. Id., citing W.R. Grace & Co. v. Hartford Accident & Indemnity Co., 407 Mass. 572, 578 (1990). Public concerns include the choice of applicable substantive law and the availability of judicial resources. Id.
A California court would certainly provide easier access to witnesses and evidence than a court in Massachusetts. However, this court has the ability to compel the necessary evidence should that be required. The parties have not argued the court’s ability to enforce injunctive relief in California, but the court can enforce a judgment for money damages. Many of the public concerns overlap with the discussion of public policy considerations underlying the reasonableness of the forum selection clause. Additionally, Massachusetts substantive law will be applied in this case, and the case will not unduly tax the court’s calendar. Accordingly, the balancing of public and private factors is not sufficient to overturn the strong, presumption that the plaintiffs choice of forum should be honored.
ORDER
For the forgoing reasons, Defendant Ramin Hatem’s Motion To Dismiss is DENIED.