Hillsborough
No. 83-060

### DANCART CORPORATION

v.

### ST. ALBANS RUBBER CO., LTD.

March 2, 1984

*Hamblett & Kerrigan P.A.*, of Nashua (*John P. Griffith* on the brief and orally), for the plaintiff.

*Sulloway, Hollis & Soden*, of Concord (*Margaret H. Nelson* on the brief and orally), for the defendant.

SOUTER, J. The plaintiff, Dancart Corporation, is a New Hampshire manufacturing corporation. Over a period of several years, it ordered and purchased material from the defendant, St. Albans Rubber Co., Ltd., an English corporation. The plaintiff sent the orders by mail, telegraph or telex, and the record contains claims that by the time of this action the value of the various orders exceeded five hundred thousand dollars.

This action in contract is based on an order which the plaintiff sent to the defendant by telegraph. The defendant acknowledged the order on a form containing what is commonly, but not precisely, spoken of as a forum selection clause, with this language: "This Quotation and any contract arising as a result thereof shall in all respects be construed and operate as an English contract and in conformity with English law, and shall be subject to the jurisdiction of the English Courts."

On the basis of exhibits before the superior court, it could be found that the defendant used this clause in acknowledging all orders, including all orders placed by the plaintiff. The plaintiff does not deny that the clause forms a part of the contract on which it has brought this action.

The record indicates that the defendant in England shipped materials ordered under the present contract to the plaintiff in New Hampshire. Following the defendant's later demand for payment, the plaintiff brought the present action for damages for defective goods. Thereafter, the defendant brought action in England for the purchase price. From exhibits entered in the superior court it could be found that the plaintiff defaulted in the English action, but later

petitioned to vacate the default judgment, alleging a defense based on defects in the goods ordered.

The defendant filed a motion to dismiss the action in the superior court for lack of personal jurisdiction over it. The defendant relied upon the due process clause of the Fourteenth Amendment of the Constitution of the United States and upon the provision quoted from the contract. The plaintiff objected to the motion, claiming that the court did have personal jurisdiction and denying that the quoted language of the contract justified dismissal. The Superior Court (*Pappagianis*, J.) found that the defendant had sufficient minimum contacts with the forum State to satisfy the constitutional standard and to confer personal jurisdiction over the defendant. Nevertheless, the court granted the motion to dismiss on the basis of the forum selection clause.

The plaintiff then moved for reconsideration, alleging for the first time that if the clause is construed as providing exclusive jurisdiction in the English courts, RSA 508-A:3, II, III, preclude its enforcement, on the grounds that the plaintiff could not secure effective relief in England and that England would be a substantially less convenient place for trial. The court denied the plaintiff's motion.

The plaintiff has appealed, claiming that the trial court misinterpreted the forum selection clause and should have denied the defendant's motion to dismiss. We reverse.

■■ The only issue before us on this appeal is the soundness of the trial court's interpretation of the contract language, that the contract "shall be subject to the jurisdiction of the English courts." In dealing with this issue, we note that neither party has raised a question of choice of law, or has offered evidence of the substantive rules of English law for the purpose of construing the quoted provision. Foreign law is presumed to accord with the common law of this State in the absence of contrary evidence. *Cove Craft Industries v. B. L. Armstrong Co., Ltd.*, 120 N.H. 195, 198, 412 A.2d 1028, 1031 (1980). On any assumption about applicable law, we must, therefore, construe the language under the principles of New Hampshire's law of contract.

■ The trial court concluded that when the parties agreed that their contract "shall be subject to the jurisdiction of the English Courts," they had agreed that only an English court would have jurisdiction over the parties to decide a controversy involving enforcement of the contract. We assume that the trial court did not reach its conclusion by reference to the plain meaning of the language of the clause, because the language does not expressly provide

that jurisdiction shall rest exclusively in the English courts. *Cf. The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2 (1971) ("any dispute . . . must be treated before the London Court of Justice"). We therefore infer that the trial judge found the language ambiguous, and supplemented his understanding of it by reference to the extrinsic evidence to which we have referred in our statement of the facts.

In the absence of a transcript, we are aware only of the exhibits transferred from the superior court. On this record, we must determine whether the trial court's conclusion is supported by the language of the contract considered in the light of those exhibits and inferences that may be drawn from them. *See Erin Food Servs., Inc. v. 688 Props.*, 119 N.H. 232, 235–36, 401 A.2d 201, 203 (1979).

The defendant does not concede that the language of the clause alone fails to limit jurisdiction exclusively to the English courts. It argues that the use of "shall" in the phrase "shall be subject . . ." gives the provision a mandatory character from which a limitation to exclusive jurisdiction must be found.

This argument, however, rests on a misunderstanding of how the word "shall" is used in the clause. When "shall" is contained in a term requiring action by a person identified, the word commonly does have a mandatory character. *E.g., Appeal of Concord Natural Gas Corp.*, 121 N.H. 685, 691, 433 A.2d 1291, 1295 (1981). But the clause in question here is not a mandate to act, or to refrain from acting. It is a grant of authority, and jurisdictional authority is not necessarily exclusive jurisdictional authority. The use of "shall" in the present contractual clause has the obvious effect of making that clause sufficient of its own force to confer jurisdiction, but it leaves open the question of exclusiveness.

The distinction between the use of "shall" in a mandate relating to action and its use in an unconditional grant of authority underlies the holding in the case defendant most frequently cites as support for its position, *Taylor v. Titan Northwest Construction Corp.*, 474 F. Supp. 145 (N.D. Tex. 1979). That case involved a contractual clause that "jurisdiction and venue shall be" in a court sitting in the county where that defendant's principal offices are located. *Id.* at 146. The court there held that the term was an exclusive forum selection clause, but it reached that conclusion by reference to the provision for venue rather than the provision for jurisdiction. *Id.* at 148. Rules of venue are rules for selecting a trial forum from among those having jurisdiction. *See, e.g.,* F. JAMES, JR., CIVIL PROCEDURE § 12.1 (1965). The provision that "venue shall be" in a particular court was, therefore, construed in *Taylor* as a man-

date against bringing action in any other forum. The reasoning of the court in *Taylor* was not cast in terms of jurisdiction and is not applicable to a provision referring to jurisdiction alone.

■ The defendant next raises an issue going beyond the contractual language. It argues that the clause would be mere surplusage unless it is construed to limit jurisdiction exclusively to the English courts. In the instance of the present contract, it may be conceded that the English courts would have jurisdiction over the plaintiffs without the clause. Nonetheless, the standard of interpretation looks to the intention of the parties when they made their contract, *Erin Food Servs., Inc. v. 688 Props.*, 119 N.H. at 235, 401 A.2d at 203, not to the usefulness of their language after one has charged the other with its breach.

From the evidence and undisputed facts, it may be found that when the parties made this contract, each knew that the term in question was a standard term customarily used by the defendant. Each must have understood that the defendant would use the clause in its form without regard to the particular facts relating to a given contract. The clause might be used in the acknowledgment of a trifling mail order from a customer dealing with the defendant for the first time. It might also appear in the acknowledgment of a large order from an old foreign customer doing considerable business in England.

In the latter instance, we agree that the forum selection clause would be unnecessary to confer jurisdiction on the English courts in an action brought on the contract to sell the goods ordered. But in the former instance of the new customer with a small order, without the forum selection clause the English courts would have lacked jurisdiction over the customer in such an action. Such a result would be required under the principles expressed in *Weld Power Industries, Inc. v. C.S.I. Technologies, Inc.*, 124 N.H. 121, 467 A.2d 568 (1983).

■ If the parties understood jurisdictional principles, then, they would have understood that the clause would sometimes have been necessary for English jurisdiction and sometimes not. But we cannot reasonably infer an intent to use the clause as an exclusive forum selection provision simply from an understanding that sometimes the clause would be unnecessary to confer jurisdiction at all. If the parties did not understand jurisdictional principles, any inferences of intent beyond the obvious meaning of the language used would be wholly speculative. At the least, it would be speculative to conclude the plaintiff intended to agree to forego access to the courts of his own State. We, therefore, conclude that no intent can be inferred

from the present record to invest a conferral of jurisdiction with the properties of an exclusive choice of forum.

 We conclude that the clause must be read as providing jurisdiction, but not as limiting jurisdiction exclusively to the English courts. Accordingly, the order of the superior court dismissing the action must be reversed.

*Reversed and remanded.*

DOUGLAS, J., dissented; the others concurred.

DOUGLAS, J., dissenting: I respectfully dissent. As more fully discussed below, I disagree with the majority's finding that the forum selection clause does not expressly provide that jurisdiction shall rest exclusively in the English courts. Further, I conclude that, when this court finds that the trial court referred to extrinsic evidence, we may not substitute our judgment for that of the trial court unless its finding was unreasonable and could not properly be made on the evidence. *See Erin Food Servs., Inc. v. 688 Props.*, 119 N.H. 232, 235–36, 401 A.2d 201, 203–04 (1979).

The parties agree that a forum selection clause which is entered into freely by the parties to a contract is fully enforceable, unless its enforcement is unreasonable, unfair or unjust. *See The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The parties are in dispute, however, as to whether the clause confers exclusive jurisdiction in the English courts.

The majority correctly states that the only issue before this court is the soundness of the trial court's interpretation of the forum selection clause. The trial court found that, by the terms of the clause "the contract . . . shall be subject to the jurisdiction of the English Courts," the parties agreed that only an English court would have jurisdiction over the parties to decide a controversy involving the contract. The majority assumes that the trial judge supplemented his understanding of the clause by reference to extrinsic evidence because the language of the clause does not expressly provide that jurisdiction shall rest exclusively in the English courts.

It is well established that the word "shall" is regarded as a command and requires mandatory enforcement. *See Town of Nottingham v. Harvey*, 120 N.H. 889, 895–96, 424 A.2d 1125, 1129 (1980); *In re Russell C.*, 120 N.H. 260, 264, 414 A.2d 934, 936 (1980). I find no reason to construe the word "shall" as it appears in the forum selection clause differently than we have done in the past. In the instant case, the parties freely agreed that "the contract . . . *shall* be subject to the jurisdiction of the English Courts" (emphasis

added). By including the command "shall," the parties intended that the forum selection clause be mandatory and that any controversy involving the contract must be litigated in an English court. The clause has the obvious effect of conferring exclusive jurisdiction.

Moreover, in discussing the meaning of "shall" as it relates to a forum selection clause, the majority misconstrues the applicability of *Taylor v. Titan Northwest Construction Corp.*, 474 F. Supp. 145 (N.D. Tex. 1979). Although that case involved a provision for venue, rather than a provision for jurisdiction, it is the Texas court's construction of the disputed clause that is relevant to the case at bar. There, as here, it was argued that the clause was not mandatory, but permissive. The plaintiff urged the court to find that the effect of the provision was that venue was proper in the designated court, but *need* not lie there. *Id.* at 148. The court found the plaintiff's construction of the phrase erroneous. *Id.* Emphasizing the words "shall be" in the clause "venue shall be in the designated county," the court held that "the language reveals an intention to designate that county as the only place where suits on the contracts may be brought." *Id.* While no one would argue that the clause is identical to the one before us, certainly the rule of construction is applicable in the instant case, where the plaintiff agreed that jurisdiction *shall be* subject to the English courts and now argues that that language does not confer exclusive jurisdiction.

Further, "[w]here . . . the trial court allows the admission of extrinsic evidence, the question of its meaning should be left to the trier of facts unless the meaning of the extrinsic evidence is so clear that reasonable men could only reach one conclusion." *Erin Food Servs., Inc. v. 688 Props.*, 119 N.H. 232, 235, 401 A.2d 201, 203 (1979). The record indicates that both parties submitted affidavits citing cases in support of their interpretations of the forum selection clause. While several courts have interpreted forum selection clauses, it is obvious that their determination of whether such a clause conferred exclusive jurisdiction in the designated forum turned on the particular language of the clause in question.

After reviewing several relevant cases, I cannot say that they are so clear that reasonable men could reach only one conclusion as to the exclusivity of a particular forum selection clause. *See, e.g., Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 632 (9th Cir. 1982) ("any dispute arising under the charter shall be decided by the English Courts" held to confer exclusive jurisdiction); *Anastasiadis v. S.S. Little John*, 346 F.2d 281, 284, *reh'g denied*, 347 F.2d 823 (5th Cir. 1965), *cert. denied*, 384 U.S. 920 (1966) (parties intended exclusive jurisdiction in Greek court where clause provided that "competent courts to solve any dispute will be the Greek courts at Piraeus");

*Gordonsville Industries v. American Artos Corp.*, 549 F. Supp. 200, 206 (W.D. Va. 1982) ("in case of suit, it is agreed that the place for litigation shall be the Amtsgericht in Bochum, Germany," held to confer exclusive jurisdiction); *Shepard Niles Crane & Hoist Corp. v. Fiat S.p.A.*, 84 F.R.D. 299, 305 (W.D. N.Y. 1979) ("for any controversy, the competent judicial authority is that of Turin," held to confer exclusive jurisdiction). Thus, it is reasonable to infer that the parties intended the forum selection clause to confer exclusive jurisdiction in the English courts and, therefore, the trial court's interpretation was reasonable and could properly be drawn from the evidence.

The forum selection clause, which confers exclusive jurisdiction in the English courts, was entered into freely by the parties. "The choice of that forum was made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1971).

I see no reason to overturn the trial court on either the law or the facts, based upon our traditional standard of review of a trial court decision.