Courville Co. v. Coopers & Lybrand    CV-97-606-B    04/27/98

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>The Courville Company, Inc., et al.</u>


v.                                                    **C-97-606-B**


<u>Coopers & Lybrand Securities, LLC</u>


<u>MEMORANDUM AND ORDER</u>

The question presented by defendant's motion to dismiss this diversity-of-citizenship case is whether a forum-selection clause in the contract on which plaintiffs base their claim is permissive or mandatory.[1]

---

[1] The parties overlook two subsidiary issues. First, while defendant characterizes its motion as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a substantial question exists as to whether a mandatory forum-selection clause results in dismissal for failure to state a claim or dismissal for lack of venue. <u>See</u> <u>Northern Laminate Sales, Inc. v. Electra Polymers & Chems., Ltd.</u>, No. C-94-598-B, slip op. at 3-6 (D.N.H. Jan. 12, 1996) (copy attached); <u>Tryonics, Inc. v. Hewlett-Packard Co.</u>, No. C-95-161-B, slip op. at 3-7 (D.N.H. Apr. 23, 1996) (copy attached). While this distinction may be important in some cases, I would reach the same conclusion in this case under either approach. Accordingly, I accept the analytical framework suggested by the parties and analyze the issue under the familiar Rule 12(b)(6) standard.
   Second, the parties assume that the meaning of a forum-selection clause in a diversity-of-citizenship case is determined using federal common law. I disagree. I addressed this issue in <u>Tryonics</u>. There, I concluded that state law must be used in interpreting a forum-selection clause. <u>Tryonics</u>, No. C-95-161-B, slip op. at 13-16. I also determined that New

The choice-of-forum clause at issue in this case provides that:

> The parties hereto submit to the jurisdiction and venue in the Federal and New York State Courts located in the City of New York and waive any right to trial by jury in connection with any dispute, action or proceeding related to their agreement, any Transaction, or any other matters contemplated hereby.

In Dancart Corp. v. St. Albans Rubber Co., 124 N.H. 598 (1984), the New Hampshire Supreme Court was presented with a choice-of-forum clause providing that: "[t]his Quotation and any contract arising as a result thereof . . . shall be subject to the jurisdiction of the English Courts." Id. at 600. Even though the clause used the mandatory term "shall," the court determined that the clause was permissive rather than mandatory. Id. at 604. The case for treating the forum-selection clause at issue in this case as mandatory is even less compelling. Here, the clause does not use mandatory language, and defendant does not point to any extrinsic evidence that would permit, let alone

_____

Hampshire's choice-of-law rules would require the use of New Hampshire law to construe a forum-selection clause even when the contract has a choice-of-law clause specifying the use of another state's law. Id. at 16-20. Given this conclusion and the fact that neither side argues that the issue is governed by New York law, I apply New Hampshire law in construing the contract's choice-of-forum clause.

2

require, a finding that the clause is mandatory.  See Redondo Constr. Corp. v. Banco Exterior de Espana, S.A., 11 F.3d 3, 5 (1st Cir. 1993) (agreement stating that parties each "expressly submit[] to the jurisdiction of all Federal and State courts located in the State of Florida" is permissive rather than mandatory).  Thus, the only reasonable way to interpret the clause is to read it as an agreement by the parties that the New York courts are an acceptable but not required forum for the litigation of their disputes.  Accordingly, I deny the motion to dismiss (document no. 8).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

April 27, 1998

cc:  Glenn R. Milner, Esq.
     Charles Dougherty, Esq.
     James Brown, Esq.

3