Rockingham
No. 2001-157

STRAFFORD TECHNOLOGY, INC.

v.

CAMCAR DIVISION OF TEXTRON, INC.

November 13, 2001

*Wiggin & Nourie, P.A.,* of Manchester (*W. Wright Danenbarger* and *Mary Ann Dempsey* on the brief, and *Ms. Dempsey* orally), for the plaintiff. *Ransmeier & Spellman, P.C.,* of Concord (*R. Matthew Cairns* and *John T. Alexander* on the brief, and *Mr. Alexander* orally), for the defendant.

BRODERICK, J. The defendant, Camcar Division of Textron, Inc. (Camcar), appeals, *see* SUP. CT. R. 8, from an order of the Superior Court (*McHugh*, J.) denying its motion to dismiss the plaintiff's, Strafford Technology, Inc.'s (STI), suit for breach of contract. Camcar sought

dismissal on the basis that the parties had agreed to resolve any contractual disputes in the courts of Illinois and that New Hampshire, therefore, lacked jurisdiction to hear the case. We reverse and remand.

The record supports the following facts. STI, a New Hampshire corporation, and Camcar, an Illinois corporation, entered into a written contract under which STI was to provide services for the development of a computer database. When Camcar allegedly failed to pay in full for services rendered, STI filed suit in New Hampshire for breach of contract. Based on a forum selection clause in the contract, Camcar moved to dismiss the action.

The forum selection clause, entitled, "GOVERNING LAW," provides:

> The contract resulting from this Order is to be construed according to the laws of the state from which this Order issues [Illinois], as shown by the address of [Textron] printed on the face of this Order. The parties agree that any controversy arising under this Order *shall be determined by the courts of [Illinois]* and [STI] hereby submits and consents to the jurisdiction of [Illinois] courts.

(Emphasis added.) The contract also contained a separate choice of law provision.

In response to Camcar's contention that the phrase "shall be determined by the courts of [Illinois]" was enforceable under RSA 508-A:3 (1997), STI argued, relying upon *Dancart v. St. Albans Rubber Co.*, 124 N.H. 598 (1984), that the forum selection clause was permissive only and did not confer exclusive jurisdiction in Illinois. The trial court agreed, finding the provision in question synonymous with the operative language, "shall be subject to the jurisdiction of the English courts," in *Dancart*, 124 N.H. at 601. It concluded that although the provision granted jurisdiction in Illinois, it did not grant *exclusive* jurisdiction in the courts of that State. This interlocutory appeal followed.

The sole issue before us is whether the trial court erred in its interpretation of the forum selection clause and, specifically, whether our decision in *Dancart* is controlling. Because the issue before us is a matter of contract interpretation, it is ultimately a question of law for us to decide. *Merrimack School Dist. v. Nat'l School Bus Serv.*, 140 N.H. 9, 11 (1995). When interpreting a written contract, we read the document as a whole and give its terms their reasonable meaning. *Id.* We independently review the trial court's interpretation of the contract and generally defer to its factual findings, unless they are unsupported by the evidence or legally

erroneous. *Bezanson v. Hampshire Meadows Dev. Corp.*, 144 N.H. 298, 306-07 (1999).

In *Dancart*, our decision turned, in part, on the meaning of the word "shall" in the phrase, "shall be subject to the jurisdiction of the English courts." We held that the use of "shall" had the "obvious effect of making [the] clause sufficient of its own force to confer jurisdiction, but [left] open the question of exclusiveness." *Dancart*, 124 N.H. at 602. STI relies upon this similarity — the presence of the term "shall" in the forum selection clause at issue — in arguing that the clause in this case is nonexclusive. This narrow construction, however, overlooks the remainder of the clause — most notably, "shall *be determined by*" — and its effect on the overall meaning of the clause.

■ The use of the phrase, "be determined by," distinguishes this case from *Dancart* by clearly defining what jurisdiction is to exclusively decide the outcome of all disputes arising from the parties' agreement. We agree with Camcar that there is a plain difference between "all claims shall be determined by court X," and "all claims shall be subject to the jurisdiction of court X." The former dictates what court will decide the outcome of all claims; the latter simply allows one court to hear all claims, along with any other court having jurisdiction over the claims. In the context of the present case, the phrase "be determined by" modifies the word "shall" and instructs that any controversy be resolved solely in the Illinois courts. Therefore, the language is more than a passive grant of jurisdictional authority; it mandates that dispositive action be reached in a particular venue. *Cf. Dancart*, 124 N.H. at 602 (clause in question not a mandate to act or refrain from acting; therefore, use of "shall" does not affect nonexclusive nature of clause).

■ We are mindful that the modern trend has been to "adopt a more hospitable attitude toward forum-selection clauses." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1971). Such clauses, however, are subject to rigorous rules of interpretation and will not be enforced if deemed unjust or unreasonable. *See id.* at 10. New Hampshire has, by statute, sanctioned the enforcement of forum selection clauses provided that the parties "have agreed in writing that an action . . . shall be brought only in another state . . . ." RSA 508-A:3. Even in these instances, a forum selection clause that confers exclusive jurisdiction may still be unenforceable if enumerated statutory exceptions apply. *See* RSA 508-A:3, I-V.

■ STI argues that the statute's use of the phrase "shall be brought *only* in another state," RSA 508-A:3 (emphasis added), requires that, in order to be enforceable, a forum selection clause must contain the word "only." We disagree. The purpose of RSA 508-A:3 is to enforce forum selection clauses that are bargained for by contracting parties, provided that they confer exclusive jurisdiction. Beyond mandating exclusivity, the statute does not dictate the precise wording necessary for forum selection clauses to withstand judicial scrutiny, and we will not read the statute as requiring specific "magic words." *See Appeal of City of Franklin*, 137 N.H. 723, 727-28 (1993). The statute mandates that enforceable forum selection clauses identify and make exclusive whatever jurisdiction is selected to resolve disputes. If a reasonable and fair reading of such a clause would not confer exclusive jurisdiction, it will not be enforced. It is the intent of the parties that the statute seeks to exalt, not particular word choices.

In the trial court, STI argued not only that the parties' forum selection clause was not sufficiently exclusive, but also that it would be inequitable to enforce it. Because the trial court found the forum selection clause deficient on exclusivity grounds, it never addressed STI's equitable arguments. *See* RSA 508-A:3, I-V. Accordingly, we reverse the trial court's ruling that the parties' forum selection clause did not confer exclusive jurisdiction in the courts of Illinois, and remand to the trial court to consider STI's equitable arguments.

*Reversed and remanded.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.