Fornaro v. RMC/Resource Mgt          CV-04-85-PB     10/13/04

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Rex Fornaro</u>

   v.

<u>RMC/Resources Management</u>
<u>Company, LLC</u>

Civil No. 04-85-PB
Opinion No. 2004 DNH 151


<u>O R D E R</u>


Rex Fornaro has filed a diversity of citizenship claim for interference with a contractual relationship against RMC/Resource Management Company, LLC.  Fornaro asserts that RMC interfered with the contractual relationship he had with his attorney in the case of <u>Fornaro v. Gannon</u>, No. 00-189-B (D.N.H.)  RMC moves to dismiss on the ground that venue lies exclusively in the Carroll County, New Hampshire Superior Court based on a forum selection clause that is contained in a contract between Fornaro and RMC. The clause in question states that "[t]he jurisdiction of any lawsuits related to or arising out of this contract will be in the courts of Carroll County, New Hampshire."

I agree with RMC that this case is subject to the forum selection clause.  The contract that contains the clause obligated RMC to partially fund the litigation of Fornaro's claims in Fornaro v. Gannon, No. 00-189-B (D.N.H.).  Fornaro's current claim plainly arises out of the underlying contract because it is based in part on RMC's unwillingness to continue to fund the litigation in accordance with the contract.  The contract's forum selection clause is mandatory rather than permissive because it states that "the jurisdiction will be in the courts of Carroll County, New Hampshire" (emphasis added).  Moreover, it would not be unfair to require Fornaro's claim to be litigated in Carroll County, New Hampshire, because there is already a lawsuit pending between the parties in that County over which the court has determined that it has jurisdiction.  See RMC/Resource Management Company, LLC v. Fornaro, Carroll County Superior Court, No. 03-C-073 (N.H. Sup. Ct.).  Therefore, under either New Hampshire or federal law, the forum selection clause requires this claim to be litigated in state court.  See, e.g., Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385 (1st Cir. 2001); Strafford Technology, Inc. v. Camcar Division of Textron, Inc., 147 N.H. 174 (N.H. 2001).

Defendants' motion to dismiss (doc. no. 21) is granted.  All other pending motions are denied as moot.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

October 13, 2004

cc:  Rex Fornaro, pro se
     Eugene Sullivan, Esq.