Brassard, J.
After hearing and review of the papers, the motion to dismiss made by Daniels Equipment Company (hereinafter, “defendant”) is denied. Based on the specific facts of this case, plaintiff has demonstrated the unfairness and unreasonableness inherent in enforcement of the forum selection clause at issue. Plaintiff has also demonstrated that the scope of this particular clause limits its applicability with respect to some of the claims brought forth.
Unless there are substantial public policy reasons to the contrary, Massachusetts must look to the law of the selected forum when faced with a motion to dismiss based on an agreement which designates another state as the exclusive forum. Jacobson v. Mailboxes Etc. U.S.A., Inc. 419 Mass. 572, 575 (1995). New Hampshire, the selected forum under the agreement, has adopted the Uniform Model Choice of Forum Act, which favors forum selection clauses unless, among other things, they are found to be “unfair or unreasonable.” R.S.A. 508-A:3(V) (2003). Under Jacobson, this court should apply the New Hampshire statute as if it were in the shoes of a New Hampshire court. In Strafford Technology, Inc. v. Carnear Division of Textron, Inc., the New Hampshire Supreme Court noted that the purpose of the statute is “to enforce forum selection clauses that are bargained for by contracting parties . . .” 147 N.H. 174, 177 (2001).
In soliciting plaintiffs consent to the sales agreement, defendant urged that the order must be placed that same day to take advantage of a special promotion. Plaintiffs Opposition, Exhibit A. During this meeting, which lasted only a few minutes, defendant advised plaintiffs representative of the purchase price and asked for a signature. Id. Only after the agreement was signed did defendant give a copy to plaintiff. Id. There was no mention, much less negotiation, of any of the terms and conditions contained on the back side of the sales order form, nor did defendant make any allegation that plaintiff had notice of the forum selection clause. Id. This lack of bargaining, which New Hampshire specifically looks for, and lack of notice of the clause, combined with the aggressive tactics used by defendant in soliciting plaintiffs consent, inform this court’s finding that enforcement of the forum selection clause would be unfair and unreasonable.
At all times, business between the parties occurred in Massachusetts. Id. Defendant’s representatives held themselves out to be Massachusetts representatives, and plaintiff was invited to a trade show held by *415 defendant in Waltham, MA. Id. Again, since there was no bargaining between the parties, and no activities occurring in New Hampshire between the parties, plaintiff had little or no reason to know that the clause even existed. Because of the lack of notice regarding the forum selection clause, it may be unfair to hold plaintiff to the shorter statute of limitations provided by New Hampshire law. However, this court leaves for another day the issue of whether the choice of law provision in the sales agreement requires it to apply New Hampshire’s statute of limitations. Compare Jacobson, 419 Mass, at 579 (where the Supreme Judicial Court considered, in determining the fairness of enforcing a forum selection clause, the statute of limitations in the forum state, to the extent that it would bar plaintiffs claims when they would not be barred under Massachusetts law), with N.H. statute, R.S.A. 508-A:3(II) (which provides that delay in bringing an action will not prevent a New Hampshire court from enforcing such a clause).
Under New Hampshire law, forum selection clauses are “subject to rigorous rules of interpretation.” Strafford, 147 N.H. at 176. The sweep of the forum selection clause at issue reaches only as far as the sales agreement itself. The clause begins with the language “(i]n the event of a breach of this agreement. . .” Defendant’s Motion to Dismiss, Exhibit A. The next sentence then goes on to require any legal action be brought in New Hampshire. Id. Reading the second sentence within the context of the entire clause would suggest that the forum selection is applicable to any breaches of the agreement itself. Plaintiffs claims are based, at least in part, on disputes arising after the delivery and installation of the washing machines pursuant to the agreement. Particularly, the plaintiff complains of defendant’s failure to respond to its demand letter pursuant to M.G.L.chapter 93A, and its subsequent termination of the parties’ relationship. The plaintiff also complains of misrepresentations with respect to pre-contract negotiations between the parties. New Hampshire’s policy of rigorous interpretation directs this court to construe the forum selection clause narrowly. Because plaintiffs claims are arguably outside the scope of the forum selection clause, they are properly heard in this court.
Given the unfairness and unreasonable result which would occur as a result of enforcing the forum selection clause in this case, this court should not hold the parties to it. Further, even if the clause was enforceable, it arguably does not apply to at least some of the claims raised by plaintiff. Therefore, defendant’s motion to dismiss for improper venue is DENIED.