STATE OF MAINE
CUMBERLAND, ss.

EDWARD H. MYSLIK,

Plaintiff

v.

J. KRIST SCHELL,
　　　　　　　Defendant.

STATE OF MAINE SUPERIOR COURT
CUMBERLAND, SS CIVIL ACTION
CLERK'S OFFICE DOCKET NO. CV-04-691
REC-CUM-

2005 MAR 28 P 2: 05

ORDER ON DEFENDANT'S MOTION
TO DISMISS AND PLAINTIFF'S
MOTION FOR ENTRY OF ORDER OF
ATTACHMENT AND TRUSTEE
PROCESS

DONALD

APR 20 2005

## FACTUAL BACKGROUND

In his Complaint, plaintiff Edward Myslik alleges that the defendant, J. Krist Schell is the President and a principal shareholder of Bradley Reed Lumber Company, LLC, a Nevada company established to import and market lumber from Russia. According to plaintiff, in order to obtain capital to finance its lumber importing business, Bradley Reed borrowed Two Hundred and Fifty Thousand Dollars from plaintiff and, on February 4, 2000, executed a Promissory Note ("the Note") to plaintiff. Plaintiff further alleges that defendant and Thomas W. Kent, chief operating officer of Bradley Reed, executed a Guarantee of the obligations of Bradley Reed under the Note.

On August 1, 2000 the Note matured and, according to plaintiff, all principal and interest on it became due. Plaintiff alleges that Bradley Reed, Kent and defendant have failed to make payment to plaintiff. He further alleges that, as of November 15, 2004, the date the complaint in this action was filed, $1,700,000.00 plus all allowable accrued interest is due and owing under the Note and Guarantee.

Plaintiff has brought a two-count complaint against defendant for: (1) Breach of Guarantee; and (2) Unjust Enrichment. He has also moved for an Entry of Order of

Attachment and Trustee Process against defendant's property, located in Nobleboro, Maine. Plaintiff previously filed a parallel action in the Superior Court of New Hampshire naming Bradley Reed, Thomas Kent, Mr. Schell, and others as defendants. In both the filings in this court and at oral argument on the instant motions, the parties have acknowledged that substantial discovery has taken place in the New Hampshire action.

Defendant has moved for dismissal or stay of the action arguing: (1) pursuant to a choice of forum provision in the Note, the parties agreed that any action on the debt would be brought in New Hampshire; (2) the complaint is barred under the allegedly applicable New Hampshire statute of limitations; (3) Plaintiff previously has filed a substantially identical action seeking the same relief against defendant and others in New Hampshire Superior Court; and (4) under the doctrine of forum non conveniens, Maine represents an inconvenient forum and a more appropriate forum, namely New Hampshire, is available to plaintiff.

## DISCUSSION

Pursuant to the terms of the Guarantee, the parties agreed that any action would be brought in New Hampshire. Paragraph 11 of the Guarantee provides:

> This Guarantee Agreement and the rights of the parties hereunder shall be construed in accordance with the internal laws of the State of New Hampshire. Any action hereon or related hereto may only be bound in a court of competent jurisdiction located within that State, and the undersigned hereby consents to the jurisdiction of such courts for all purposes related hereto.

Pl.'s Compl. Ex. B.

Notwithstanding the above-quoted language, however, plaintiff argues that he is entitled to bring the instant action in the courts of Maine. In support thereof, plaintiff argues that the choice of forum provision should not be enforced by this court.

Under the language of paragraph 11, the parties contractually agreed that New Hampshire substantive law shall govern actions arising out of the Guarantee. Given the parties' choice of law, the court will look to New Hampshire law relating to the interpretation and applicability of a choice of forum provision in order to determine whether that provision should be enforced. *See Jacobson v. Mailboxes Etc. U.S.A.*, 646 N.E.2d 741, 744 (Mass. 1995) (stating that in the absence of substantial state public policy to the contrary, the court will look to the law of the chosen state to determine the effect of a choice of forum provision).

In New Hampshire, forum selection clauses are "subject to rigorous rules of interpretation," and courts in that state will not enforce such clauses "if deemed unjust or unreasonable." *Strafford Tech. v. Camcar Div. of Textron*, 784 A.2d 1198, 1201 (N.H. 2001). New Hampshire has, however, "sanctioned the enforcement of forum selection clauses provided that the parties 'have agreed in writing that an action . . . shall be brought only in another state . . . .'" *Id.* (*quoting* N.H. REV. STAT. ANN. § 508-A:3 (1997)). N.H. REV. STAT. ANN. § 508-A:3 governs the enforcement of forum selection clauses in New Hampshire. That statute provides:

> If the parties have agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless:
> . . .
>     II.    The plaintiff cannot secure effective relief in the other state, for reasons other than delay in bringing the action;
>     III.    The other state would be a substantially less convenient place for the trial of the action than this state;
>     IV.    The agreement as to the place of the action was obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means; or
>     V.    It would for some other reason be unfair or unreasonable to enforce the agreement.

*Id.*

Although plaintiff concedes that there is in fact a forum selection clause contained within the Guarantee that governs the rights of the parties, he argues that, pursuant to

section 508-A:3, the clause should not be enforced by this court. Plaintiff contends that two exceptions, outlined in section 508-A:3, apply to the forum selection clause at issue here and militate against this court's enforcement of the parties' choice of forum.

Plaintiff argues, first, that the choice of forum clause contained in the Guarantee should not be enforced by this court pursuant to section 508-A:3(II) because he "cannot secure effective relief in [New Hampshire]." According to plaintiff, it is only by bringing the instant action in Maine that he may seek attachment of defendant's Maine property. Enforcing the choice of forum provision and either dismissing or staying the Maine action will, argues plaintiff, deprive him of that means of securing payment of any remedy he may be awarded in the parallel New Hampshire action. In addition, plaintiff argues that the court should decline to enforce the parties' choice of forum clause, pursuant to section 508-A:3(V), because it would be "unfair or unreasonable to enforce the agreement."

After reviewing applicable case law in New Hampshire regarding the application of section 508-A:3, there appears to be a relatively limited number of cases in that state discussing the statute's exceptions. *See e.g. Strafford Tech.*, 784 A.2d 1198 (N.H. 2001); and *Dancart Corp. v. St. Albans Rubber Co.*, 474 A.2d 1020 (N.H. 1984). A number of courts in other jurisdictions, however, have applied the statute and discussed the circumstances in which a court will decline to enforce a choice of forum provision. In *Lava Laundry v. Daniels Equip. Co.*, 2004 Mass. Super. LEXIS 492, for example, the Superior Court of Massachusetts found that it was unjust or unreasonable to enforce a choice of forum provision where there "was no bargaining between the parties, [] no activities occurring in New Hampshire between the parties, [and] plaintiff had little or no reason to know that the clause even existed." *Id.*

4

Plaintiff has not alleged any facts to suggest that the circumstances surrounding the inclusion of the choice of forum clause render it unfair or unreasonable. He has not, for example, alleged that he was unaware that the choice of forum clause existed.[1] Further, both the promissory note and the Guarantee were executed in New Hampshire, *see* Pl.'s Compl. Ex. A & B, and the address given for plaintiff on Schedule A to the UCC financing statement is in North Conway, New Hampshire. *See id.* at Ex. C.

The only justification plaintiff gives for seeking to circumvent the clear agreement of the parties is that the enforcement of the clause would preclude him from attaching defendant's property. Although the court recognizes that attachment will provide plaintiff with a greater degree of security should he prevail against the defendant in the New Hampshire action, he has failed to establish that, in the absence of an attachment, he will be unable to secure effective relief in the courts of New Hampshire. In the event that plaintiff obtains a judgment against defendant in the New Hampshire action, that judgment will be enforceable in this state by virtue of the Uniform Enforcement of Foreign Judgments Act. *See* 14 M.R.S.A. § 8003 (2003).[2] The preclusive effect of the choice of forum clause on plaintiff's ability to seek pre-judgment

---

[1] Indeed, defendant alleges that the clause was included at plaintiff's direction. Defendant has neither confirmed nor denied this allegation.

[2] Section 8003 provides:

> A copy of any foreign judgment authenticated in accordance with the Act of Congress or the statutes of this State may be filed in the office of the clerk of any District Court or of any Superior Court of this State. The clerk shall treat the foreign judgment in the same manner as a judgment of the District Court or Superior Court of this State. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of the District Court or the Superior Court of this State and may be enforced or satisfied in like manner.

*Id.*

attachment of defendant's Maine property, therefore, does not prevent him from obtaining effective relief in the courts of New Hampshire.

Because the court concludes that the choice of forum provision contained in the Guarantee is enforceable under N.H. REV. STAT. ANN. § 508-A:3, it hereby grants defendant's motion to dismiss. Having determined that dismissal is appropriate by operation of the choice of forum provision and section 508-A:3, the court need not address defendant's other arguments relating to the applicable statute of limitations or *forum non conviens*.

Motion for Attachment and Trustee Process

Because the court has dismissed plaintiff's complaint in accordance with the parties' choice of forum provision, it denies plaintiff's motion for attachment and trustee process.

The entry is

Defendant's Motion to Dismiss is GRANTED.
Plaintiff's Motion for Entry of Attachment and Trustee Process is DENIED.

Dated at Portland, Maine this 28th day of March, 2005.

Robert E. Crowley
Justice, Superior Court

6

COURTS
nd County
ox 287
e 04112-0287

JENNIFER PINCUS ESQ
DAVID MCCONNELL ESQ
PERKINS THOMPSON HINCKLEY & KEDDY
PO BOX 426
PORTLAND ME 04112-0426

F COURTS
and County
Box 287
ne 04112-0287

ERIC UHL ESQ
MOON MOSS & SHAPIRO
PO BOX 7250
PORTLAND ME 04112-7250