**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2622

REX FORNARO,

Plaintiff, Appellant,

v.

RMC/RESOURCE MANAGEMENT COMPANY,

Defendant, Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Selya, Lynch, and Howard, Circuit Judges.

Rex Fornaro, on brief pro se.
Eugene Sullivan, III, on brief for defendant, appellee.

October 6, 2006

**Per Curiam**.  Rex Fornaro has appealed a district court judgment dismissing his complaint on the basis of a forum selection clause in a contract (hereinafter, the "Purchase Agreement").  "We review a district court's dismissal based on a forum-selection clause *de novo*."  Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 387 (1st Cir. 2001).  Upon de novo review, we conclude that the motion to dismiss was properly granted and we affirm.[1]

The forum selection clause stated, in relevant part:

> Both parties agree that New Hampshire law should, does, and will control the interpretation of this contract.  The jurisdiction of any lawsuits related to or arising out of this contract will be in the courts of Carroll County, New Hampshire.

On appeal, Fornaro argues that the district court mistakenly construed this forum selection clause as providing for exclusive jurisdiction in the state courts located in Carroll County, New Hampshire.  However, unlike the example described in Stafford Tech., Inc. v. Camcar Div. of Textron, Inc., 784 A.2d 1198, 1200-01 (N.H. 2001), on which Fornaro relies, the clause at issue in the Purchase Agreement was not a simple permissive grant of authority to the courts of Carroll County.  Rather, the clause provided both jurisdictional authority *and* venue.  It stated that "[t]he

---

[1]Our resolution of this appeal does not require us to resolve the request of Benjamin C. Riggs, Jr. that a sole proprietorship be substituted as the appellee.

-2-

jurisdiction of any lawsuits related to or arising out of this contract *will be in* the courts of Carroll County, New Hampshire." (Emphasis added).

> In contrast to jurisdictional authority, forum selection is necessarily exclusive. In other words, when parties agree that they "will submit" their dispute to a specified forum, they do so to the exclusion of all other forums.

Summit Packaging Sys. Inc. v. Kenyon & Kenyon, 273 F.3d 9, 13 (1st Cir. 2001). (This statement was made in a diversity case arising out of New Hampshire, reviewing an arbitration clause that required the parties to choose one of the named fora.)

Fornaro raises an additional argument. He argues that the clause's reference to "courts" in the plural encompasses the federal district court of New Hampshire because, says Fornaro, that court "clearly has jurisdiction over matters in Carroll County, New Hampshire." This is, at best, a strained way to describe the federal court and one that we do not accept as a reasonable interpretation. It is far more likely that the parties intended the phrase "courts of Carroll County, New Hampshire" to mean the courts that trace their origin to the state, i.e., the Carroll County, New Hampshire state courts, of which there are the Carroll County Superior Court and two District Courts (Northern Carroll County District Court and Southern Carroll County District Court). See LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp., 739 F.2d

-3-

4, 7 (1st Cir. 1984) (opining that the phrase "courts of Massachusetts" was more likely to have been intended by the parties to mean the courts that trace their origin to the state, i.e., the Massachusetts state courts, rather than a reference to all the courts physically within the state).

Finally, Fornaro rests on this court's own statement. "We emphasize, however, that even a mandatory forum-selection clause does not in fact divest a court of jurisdiction that it otherwise retains." Silva, 239 F.3d at 388 n.6. But, the cases cited in the remainder of footnote 6 in Silva actually reinforce the result in the instant case. The district court was not divested of its subject matter jurisdiction (based on diversity) as a result of the forum selection clause. Rather, the forum selection clause "merely constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction." LFC Lessors, 739 F.2d at 6. As we stated, "'Exclusive jurisdiction' in this context thus refers to the intent of the parties rather than the actual power of the court." Silva, 239 F.3d at 388 n.6. And that, in fact, is what the district court did in the instant case. It did not dismiss Fornaro's complaint for lack of subject matter jurisdiction.[2] It declined to exercise jurisdiction and dismissed

---

[2]For this reason, Fornaro's repeated reliance on the magistrate judge's Order of April 12, 2004 is misplaced. That Order, issued shortly after the case was filed, simply determined,

-4-

on the basis of the forum selection clause, thus giving effect to the parties' agreement to litigate their dispute related to or arising out of the Purchase Agreement in the state courts of Carroll County, New Hampshire.

The district court judgment entered on October 15, 2004 is affirmed.

---

based solely on the complaint, that the requisites for diversity jurisdiction had been alleged, thus establishing, on a preliminary review, the appearance of subject matter jurisdiction. The district court's later dismissal based on the forum selection clause did not conflict with any determination that subject matter jurisdiction based on diversity existed.