**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0454, <u>TBF Financial, LLC v. Compass Systems & Programming, Inc. & a.</u>, the court on February 12, 2018, issued the following order:**

Having considered the brief of the defendants, Compass Systems & Programming, Inc. (Compass) and its president, Robert W. Bigos, the memorandum of law filed by the plaintiff, TBF Financial, LLC. (TBF), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendants appeal orders of the Superior Court (<u>Anderson</u>, J.) declining to dismiss TBF's breach of contract action. We affirm.

The defendants contend that dismissal was required by the contract's forum selection clause. According to the defendants, the contract's forum selection clause vests Utah state and federal courts with exclusive jurisdiction to decide any controversy between the parties about the contract. The trial court disagreed with the defendants, ruling that the clause "contains a choice of law provision and a consent to jurisdiction provision," but that "[i]t does not require that all claims be brought in Utah."

On appeal, the defendants argue that the trial court misconstrued the forum selection clause. We review the trial court's interpretation of the forum selection clause <u>de</u> <u>novo</u>. <u>See</u> <u>Strafford Technology v. Camcar Div. of Textron</u>, 147 N.H. 174, 175 (2001). We read the clause as a whole and give its terms their reasonable meaning. <u>See</u> <u>id</u>. "Such clauses, however, are subject to rigorous rules of interpretation and will not be enforced if deemed unjust or unreasonable." <u>Id</u>. at 176.

"New Hampshire has, by statute, sanctioned the enforcement of forum selection clauses." <u>Id</u>.; <u>see</u> RSA ch. 508-A (2010) (Uniform Model Choice of Forum Act). Under RSA 508-A:3, "[i]f the parties have agreed in writing that an action on a controversy shall be brought only in another state, and it is brought in a court of this state, the court will dismiss or stay the action, as appropriate," unless certain enumerated exceptions apply. The defendants acknowledge that none of the enumerated exceptions apply.

"The purpose of RSA 508-A:3 is to enforce forum selection clauses that are bargained for by contracting parties, provided that [such clauses] confer exclusive jurisdiction." <u>Strafford Technology</u>, 147 N.H. at 177. "Beyond mandating exclusivity, the statute does not dictate the precise wording necessary for forum selection clauses to withstand judicial scrutiny," and does not require "specific magic words." <u>Id</u>. (quotation omitted). Rather, "[t]he

statute mandates that enforceable forum selection clauses identify and make exclusive whatever jurisdiction is selected to resolve disputes." Id. "If a reasonable and fair reading of such a clause would not confer exclusive jurisdiction, it will not be enforced." Id.

Thus, the issue before us is whether "a reasonable and fair reading" of the forum selection clause in this case vests Utah state and federal courts with exclusive jurisdiction. The forum selection clause provides, in pertinent part:

> [T]his Agreement shall be governed by, and construed in accordance with, the internal laws of the State of Utah without regard to internal principles of conflict of laws. [Compass] hereby submits to the jurisdiction of any Utah state or federal court sitting in Salt Lake County, Utah, at [TBF's] choice. [Compass] hereby waives any claim that an action is brought in an inconvenient forum, that the venue of the action is improper, or that this Agreement or the transactions of which this Agreement is a party may not be enforced in or by any of the above-named courts.

The plain language of this clause does not confer exclusive jurisdiction upon Utah courts. Nothing in the clause requires TBF to bring an enforcement action in a Utah court. Indeed, the clause provides that TBF may do so at its option. Moreover, the clause lacks words of exclusivity. It "constitute[s] nothing more than a consent to jurisdiction and venue in the named forum and do[es] not exclude jurisdiction or venue in other forums." Shoppes L.P. v. Conn, 829 So. 2d 356, 358 (Fla. Dist. Ct. App. 2002). Accordingly, pursuant to RSA 508-A:3, the parties' forum selection clause is not enforceable. The defendants cite no Utah authority inconsistent with this analysis. Thus, the trial court did not err when it declined to dismiss TBF's enforcement action.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

2